# HONOLULU RAPID TRANSIT AND LAND COMPANY *v.* WILDER,[1] ASSESSOR.

### APPEAL FROM THE SUPREME COURT OF THE TERRITORY OF HAWAII.

No. 23.   Argued October 28, 29, 1908.—Decided November 16, 1908.

In determining rights and liabilities, local legislation under authority of Congress previously granted is treated as emanating from the local legislature and not from Congress.

A general ratification by Congress of charters does not amount to making the charters so ratified acts of Congress.

A ratification of legislation between certain specified dates does not exclude legislation enacted on those dates. *Taylor* v. *Brown*, 147 U. S. 640.

A provision in a charter that certain payments shall be made out of income and that, after dividends up to a specified percentage have been paid, the balance shall be divided between the government and the stockholders, does not, in the absence of any exemption in express terms, exempt the corporation from taxation on its franchise.

18 Hawaii, 668, affirmed.

THE facts are stated in the opinion.

*Mr. David L. Withington* and *Mr. Aldis B. Browne*, with whom *Mr. Alexander Britton* and *Mr. William R. Castle* were on the brief, for appellant:

The franchise, ratified by Congress and approved by the President, is an irrevocable contract, providing in definite terms for the division of the revenue of the company between the Territory and the company, and fixing the charges deductible from the income, which charges include taxes on the physical property, but not on the franchise.

The term railway as used in the act is defined to be the physical structure and not an intangible right, and hence the

---

[1] Substituted for Holt, assessor.

"completed and equipped portions liable to taxation" are portions of the physical structure; so that the taxation to which the corporation becomes liable is a tax on the physical structure of the road, thus creating a charge on the income.

Taxing the completed and equipped portions as fast as they are completed and equipped is consistent with the taxation of the real and personal property "separately as to each item for its full cash value;" it is inconsistent with the contention that the aggregate value in operation as an enterprise for profit, which would include the franchise, can be so assessed. Nor can the franchise itself be assessed separately; it is not a part of the completed and equipped portion of the road, and although the word "franchise" is to be found in § 1215, which describes the character of personal property to be taxed, it had long been held to be the policy of Hawaii to tax only tangible property. *McBryde* v. *Kala*, 6 Hawaii, 529; *Brewer* v. *Luce*, 6 Hawaii, 554.

Moreover, it would be double taxation and unconstitutional. *Kekaha Sugar Co.* v. *Hawaiian Government*, 8 Hawaii, 293.

The franchise was one in which the right to share with the Territory was the only beneficial right which the corporation enjoyed.

Where the property itself was taxed which comprised the enterprise, to tax the right to share is double taxation. *Kekaha Sugar Co.* v. *Hawaiian Government, ubi supra; Alexander* v. *Fornander*, 6 Hawaii, 322; *Haiku Sugar Co.* v. *Fornander*, 6 Hawaii, 532; *Castle* v. *Luce*, 4 Hawaii, 63.

While an exemption from taxation must be plainly and unmistakably granted, since in grants from the public nothing passes by implication, the exemption need not be in any particular words, is not implied but is expressed if, from all the language of the grant, there is no doubt of the contract. *Gordon* v. *The Appeal Tax Court*, 3 How. 132, 145; *New York* v. *State Board of Tax Commissioners*, 199 U. S. 1; *Piqua Branch of the State Bank* v. *Knoop*, 16 How. 369; *People of New York* v. *Commissioner of Taxes*, 4 Wall. 244; *Jefferson Branch Bank*

v. *Skelly*, 1 Black; 436; *Farrington* v. *Tennessee*, 95 U. S. 679; *Stone* v. *Farmers' Loan & Trust Co.*, 116 U. S. 307; *Memphis Gas Light Co.* v. *Taxing District*, 109 U. S. 398; *NewYork, L. E. & W. R. Co.* v. *Pennsylvania*, 153 U. S. 628.

The power of amendment of charters may be exercised where it will not defeat or substantially impair the object of the grant or any rights which have vested under it. But the alterations must be reasonable, must be made in good faith and be consistent with the scope and object of the act of incorporation. *Holyoke Water Power Co.* v. *Lyman*, 15 Wall. 500; *Fairhaven & W. R. Co.* v. *New Haven*, 203 U. S. 379; *Los Angeles* v. *City Water Co.*, 177 U. S. 558; *S. C.*, 124 California, 368; 61 California, 65.

The franchise of the company, granted by the Republic of Hawaii, July 7, 1898, ratified by Congress and approved by the President, is not assessable.

Whether or not, without Congressional action, the franchise granted by the Republic of Hawaii on the very day of the passage of the resolution of annexation would have been perfect if accepted by the grantees; until accepted, Congress had the power to take away that right, and the approval by Congress and its ratification in the organic act is a part of the contract between the parties. *California* v. *Central Pacific R. R. Co.*, 127 U. S. 1.

The State has power to levy property tax on a corporation holding a Federal franchise, but has no power to subject its operations to taxation. *Thomson* v. *Pacific Railroad*, 9 Wall. 579; *Union Pacific R. R. Co.* v. *Peniston*, 18 Wall. 5.

And it has been held that where there are two franchises, a State may tax its own franchise but not that of the United States. *Central Pacific R. Co.* v. *California*, 162 U. S. 91; *Southern Pacific Railway Co.* v. *California*, 162 U. S. 167.

A similar line of decisions has been followed in reference to telegraph companies which have accepted the provisions of the act of Congress of July 24, 1866. *Western Union Tel. Co.* v. *Attorney General*, 125 U. S. 530; *Attorney General* v. *Western*

*Union Tel. Co.*, 141 U. S. 40; *Western Union Tel. Co.* v. *Missouri*, 190 U. S. 412; *Ratterman* v. *Western Union Tel. Co.*, 127 U. S. 411; *Leloup* v. *Port of Mobile*, 127 U. S. 640.

*Mr. Charles R. Hemenway*, Attorney General of the Territory of Hawaii, with whom *Mr. Mason F. Prosser* was on the brief, for appellee:

The franchise of appellant is not a Federal franchise, and even if it were it would be subject to local taxation. The approval by Congress of the act of the legislature of the Republic of Hawaii, amounts to no more than a prior authorization. It was a ratification only of an act of the Republic of Hawaii and was not intended to, nor did it, confer a special grant from Congress itself. *Miners' Bank* v. *State of Iowa*, 12 How. 1; *Lyons* v. *Wood*, 153 U. S. 661; *United States* v. *Church*, 5 Utah, 373 (15 Pac. Rep. 479); *Atl. & Pac. Ry.* v. *Lesueur*, 1 L. R. A. 244.

The terms of the franchise itself grant no immunity from taxation, nor is it exempt under the general laws of Hawaii. Revised Laws of Hawaii, §§ 851, 1212, 1215, 1216.

Within the meaning of the sections above quoted the franchise of appellant was properly considered a part of its property and taxable in connection with the other property of appellant as combined property forming the basis of an enterprise for profit, since the franchise, of necessity, was subject to all general laws in force at the time it was granted, unless a contrary intent is clearly expressed. *Theological Seminary* v. *Illinois*, 188 U. S. 662, 672; *New Orleans City & Lake Ry.* v. *New Orleans*, 143 U. S. 192; *Memphis Gaslight Co.* v. *Shelby Co.*, 109 U. S. 398; *Chicago, B. & K. C. R. R.* v. *Guffey*, 120 U. S. 569; *Atl. & Pac. Ry. Co.* v. *Lesueur*, 1 L. R. A. 244; *Vicksburg Ry. Co.* v. *Dennis*, 116 U. S. 665, 668; *Bank of Commerce* v. *Tennessee*, 161 U. S. 134, 146; *Ford* v. *Delta & Pine Land Co.*, 164 U. S. 662, 666; *Hoge* v. *R. R. Co.*, 99 U. S. 348, 355

As a general rule the franchise, capital stock, business and profits of all corporations are liable to taxation in the place where they do business and by the State which creates them,

and any exemption from such taxation must be given in clear terms. *Central Pac. Ry.* v. *California,* 162 U. S. 91, 126; *State Ry. Tax Cases,* 92 U. S. 575, 603; *State Freight Tax Cases,* 15 Wall. 232; *Society for Savings* v. *Coite,* 6 Wall. 607; *Thomson* v. *Pac. Railroad Co.,* 9 Wall. 579, 590; *Henderson Bridge Co.* v. *Kentucky,* 166 U. S. 150; *Atl. & Pac. R. R. Co.* v. *Lesueur, supra.*

Under the provisions of the act to provide a government for the Territory of Hawaii, 31 Stat. 141, as is also the case under the organic acts of the other Territories, the power of taxation is general and restricted only by the Constitution and laws of the United States. *Peacock* v. *Pratt,* 121 Fed. Rep. 772, 776; *Talbott* v. *Bd. of Commissioners,* 139 U. S. 438; *Atl. & Pac. Ry.* v. *Lesueur,* 1 L. R. A. 244; *Silver Bow Mining Co.* v. *Davis,* 6 Montana, 306.

The tax assessed and in controversy here is not upon the franchise of appellant, as such, but upon the combined property of appellant as an enterprise for profit.

MR. JUSTICE HOLMES delivered the opinion of the court.

This is an appeal from a judgment affirming a decision of the Tax Appeal Court and sustaining a tax upon the appellant. The appellant objected to the tax on the grounds that its franchise was derived from an act of Congress and therefore was exempt from taxation, and that its charter also exempted it in terms. These objections, taken below, were argued at length before us.

The charter was granted by the Republic of Hawaii on July 7, 1898, the day on which Congress passed the resolution of annexation, and doubts having been felt as to the right of the Hawaiian legislature to grant a charter at that time (see 22 Op. Att. Gen. 574; *Ibid.,* 627), the organic act declared that "Subject to the approval of the President . . . all franchises granted by the Hawaiian government in conformity with the laws of Hawaii, between the seventh day of July,

eighteen hundred and ninety-eight, and the twenty-eighth day of September, eighteen hundred and ninety-nine, are hereby ratified and confirmed." Act of April 30, 1900, c. 339, § 73, 31 Stat. 141, 154. It is contended that the effect of this section was to make the charter an act of Congress by adoption. In our opinion this is a mistake. There is no doubt that local legislation under the authority of Congress previously granted is treated as emanating from its immediate, not from its remote source, in determining rights and liabilities. *Kawānanakoa* v. *Polyblank,* 205 U. S. 349, 353, 354. See *Matter of Moran,* 203 U. S. 96, 104. A general ratification like that of existing laws in § 6 would have no greater effect. We discover nothing in the words just quoted from § 73 to indicate that Congress had this particular franchise in view, or meant to adopt it and give it a superior source, or to do anything more than to supply the power that by accident might have been wanting. See *Miners' Bank* v. *Iowa,* 12 How. 1, 8; *Murphy* v. *Utter,* 186 U. S. 95, 106. We need not pursue further this part of the objection to the tax, except to remark that, in view of the obvious purpose, it properly was admitted that July 7 was not excluded from the ratification by the word "between." See *Taylor* v. *Brown,* 147 U. S. 640. For it also was admitted at the argument before us that if there was no exemption in the charter the appellant had no case, and we are of opinion that there was none.

The tax in question is a property tax, and the effect of the decision is to uphold a valuation of the whole property as a going concern, and as more than a mere congeries of items; or in other words, an addition of half a million dollars to the appellant's valuation, for the franchise of the company. The appellant says that this was contrary to § 17 of its charter, construed in the light of the scheme disclosed. That section provides that "the following charges shall be lawful upon the income of said railway: 1st. The expense of operating, repairs, renewals, extensions, interest, and every other cost and charge properly or necessarily connected with the maintenance and

operation of said railway. 2nd. Dividends may be paid to the stockholders not to exceed eight per cent. on the par value of the stock issued. 3d. A sinking fund may be created for the redemption of any bond which may be issued or other record debt and the capital upon the expiration of the franchise. Provided [that the amount is limited as set forth]. 4th. The excess of income shall be divided equally between the Government of the Republic of Hawaii and the stockholders of said corporation." It is said that here is a complete plan for the division of the income, declaring what charges shall be lawful, and that only such taxes are allowed as fall under the words, "other charge properly connected with the maintenance and operation of the road."

The taxes authorized as such charges are thought to be limited to a license tax not to exceed ten dollars on each passenger car used, imposed by § 31, and to the provisions of § 30. The latter section exempts from duty material produced in and imported from the United States, and goes on to say that "the property of said association and others shall not be liable to internal taxation while said railway is under construction, provided that as fast as completed and equipped the completed and equipped portion shall become liable to such taxation." It is said that when the charter was granted real and personal property were assessed for taxation "separately as to each item thereof for its full cash value," with provisos deemed not to be material, Rev. L. Hawaii, 1905, § 1216, that § 30 contemplates a taxation of this kind, and that a taxation of the franchise would be double taxation and was excluded. It is true that one of the provisos in § 1216 taxes going concerns as wholes, but § 30 is thought to show a choice of the other method. It is contended that the charter by fair implication contracts against any other charges, especially in view of the ultimate division of the excess of income, after the payment of eight per cent dividend. If the dividends do not exceed eight per cent the tax will fall wholly on the stockholders, contrary to the fair understanding of what the charter holds out.

The argument of which we have given a summary outline is far from establishing such a clear renunciation of the right to tax as the cases require. *Metropolitan Street Ry. Co.* v. *New York State Board of Tax Commissioners*, 199 U. S. 1. It appears to us very questionable whether the phrase, "charges properly or necessarily connected with the maintenance and operation of the road," has any reference to taxes. It points in,another direction. Taxes are left unmentioned in § 17, and the liability to them is assumed. The language of § 30 does not import the imposition of a tax that otherwise would be excluded. It takes the liability for granted, and relieves the company from the burden for a certain time. The drift of the section cannot be made clearer by lengthy restatement. It starts with exoneration and merely saves the right to tax the portions completed by a proviso which, in this case, fulfills the proper function of that much abused term. If any doubt were raised by § 17, which does not seem to us to be the case, it would be relieved by this further section of the same act. Nothing else seems to us to need mention in the present posture of the case.

*Judgment affirmed.*