LANHAM, ADMINISTRATOR OF LANHAM, ET AL. *v.* McKEEL.

ERROR TO THE SUPREME COURT OF THE STATE OF OKLAHOMA.

No. 245. Submitted April 30, 1917.—Decided June 11, 1917.

An order of the Secretary of the Interior, approving an Indian agent's recommendation that restrictions on alienation be removed from an Indian's allotment, was made on March 26, "to be effective thirty days from date." *Held* that the approval became effective on the thirtieth day after its date, i. e., on April 25th, and enabled the allottee to make a valid conveyance on that day.

47 Oklahoma, 348, affirmed.

THE case is stated in the opinion.

Mr. *Orion L. Rider,* Mr. *Geo. E. Rider* and Mr. *E. S. Hurt* for plaintiffs in error.

Mr. *J. F. McKeel* (*in propria persona*), Mr. *C. H. Ennis* and Mr. *James E. Webb* for defendant in error.

MR. JUSTICE PITNEY delivered the opinion of the court.

This writ of error presents but a single federal question, and that is within narrow compass.  The suit involves the title to a part of the surplus allotment of Mary Jane Lanham, who was a Choctaw Indian of three-fourths blood.  Defendant in error claims title under a deed made by her on April 25, 1908.  It is conceded that because of legislation by Congress prior to the Act of April 21, 1904, c. 1402, 33 Stat. 189, 204, the land was inalienable, unless the restriction upon its alienation had been removed by an order of the Secretary of the Interior, made pursuant to that act.  In conformity to its provisions, the United States Indian Agent, after investigation, made the appropriate finding and recommended the removal of restrictions upon the alienation by Mary Jane Lanham of her surplus allotment, and this was approved by the Secretary of the Interior in writing under date of March 26, 1908, in these terms: "Approved: This approval to be effective thirty days from date."  If either the day of the approval or the day of the conveyance be included, thirty days had expired on the day the deed was executed.  The Supreme Court of Oklahoma, following *Taylor* v. *Brown,* 147 U. S. 640, and *Baker* v. *Hammett,* 23 Oklahoma, 480, held that the date of approval should be included in computing the thirty-day period, and that therefore the deed was valid.  47 Oklahoma, 348.

In our opinion the decision was correct, although we sustain it upon grounds differing somewhat from those

upon which the cited cases rest. In *Taylor* v. *Brown*, the question arose under the proviso to § 15 of an Act of March 3, 1875, c. 131, 18 Stat. 402, 420, that the title to lands acquired by certain Indians under that section should "remain inalienable for a period of five years from the date of the patent." In *Baker* v. *Hammett*, the language in question was that contained in § 16 of the Supplemental Creek Agreement (Act of June 30, 1902, c. 1323, 32 Stat. 500, 503), to the effect that lands allotted to citizens should not be alienated "before the expiration of five years from the date of the approval of this supplemental agreement." In each case the statute contemplated a vesting of title accompanied with a prohibition of alienation during a specified period, and it was held that the initial date should be included in the computation because, but for the restriction, the land might have been alienated on that date. Here the restriction upon alienation arose out of antecedent legislation, and continued until the effective approval by the Secretary of the Interior of an appropriate finding by the Indian Agent. The approval was required to be, and in this case was, in writing, and we have to do merely with its interpretation. What, then, is the meaning of "effective thirty days from date"? Certainly this cannot be construed the same as if it read: "effective *after* thirty days from date." Plaintiffs in error, in argument, suppose it to have read: "effective one day from date," and ask whether in that event it would have become effective immediately upon being signed by the Secretary of the Interior. We answer "No," but that it would have become effective on the following day, that is, on the first day after its date. By like reasoning, the order as written became effective on the thirtieth day after its date, that is to say, on April 25th, and enabled the allottee to make a valid conveyance on that day.

*Judgment affirmed.*