EMILY H. BOZMAN *vs.* CHARLES R. BOZMAN.

TIME—PUBLICATION OF ALIAS SUMMONS FOR FIVE WEEKS, THE FIRST ONE BEING MADE MORE THAN CALENDAR "MONTH" BEFORE COURT CONVENED, HELD SUFFICIENT.

In view of *Rev. Code* 1915, § 1, "one month," in the *Divorce Act,* § 10 (*Rev. Code* 1915, § 3013), means a calendar and not a lunar month, and where an alias summons was returnable to a term which began September 18, publication beginning July 29, and continuing on August 5, 12, 19, and 26, one each week, during August, and the first publication being more than a calendar month before the court convened, the publication was sufficient.

(*September* 18, 1922.)

RICHARDS, J., sitting.

*J. Rankin Davis* for plaintiff.

Superior Court for New Castle County, September Term, 1922.

Alias divorce, No. 159, May Term, 1922.

RICHARDS, J., delivering the opinion of the Court:

The petition in the above case was filed to the May term and the return on the summons issued was "Non est inventus." An alias summons was issued, returnable to the present term, which the sheriff caused to be published in a newspaper of this county on July 29, August 5, 12, 19, and 26, as was shown by his return.

*Section* 10 of our divorce statute, being *Code*, § 3013, provides as follows:

"When the defendant cannot be served personally within this state, and when at the time of the commencement of the action the plaintiff is a *bona fide* resident of this state, an alias summons shall issue to the second term next after issuing the original writ, which the Sheriff shall publish for one month in such newspapers of the county, one or more, as he may judge best for giving the defendant notice; and the case may then proceed to trial with or without the defendant's appearance, subject to the provisions in the next succeeding section."

The early common-law rule was that the word "month" when used in a statute meant a lunar month, unless it was made to appear clearly that a calendar month was intended. It appears that this rule proved unsatisfactory in England as early as 1795, but it continued to be the rule until 1850, when it was changed by statute. 26 *R. C. L.* 732, 38 *Cyc.* 311.

This rule has not been followed in this country, and the great weight of authority now holds that the word "month," when used without words of qualification, means a month as designated in the calendar without regard to the number of days contained therein. 38 *Cyc.* 312; 26 *R. C. L.* 732; *Guaranty Trust & Safe Deposit Co. v. Buddington,* 27 *Fla.* 215, 9 *South.* 246, 12 *L. R. A.* 770; *Brewer v. Harris,* 5 *Grat.* (*Va.*) 285; *Daley v. Anderson,* 7 *Wyo.* 1, 48 *Pac.* 839, 75 *Am. St. Rep.* 870; *Strong v. Birchard,* 5 *Conn.* 357.

*Chapter* 1 *of the Revised Code of* 1915, under the heading of "Rules of Construction of Statutes," provides:

"The word 'month' shall be construed to mean a calendar month, unless otherwise expressed," etc.

The real question in this case is whether the publication made on July 29, August 5, 12, 19, and 26 amounts to a publication for one month as required by the statue. The alias summons was issued to the present term of court, which began on September 18th, and the first publication was made on July 29th, continuing on August 5, 12, 19 and 26; one each week, during the entire calendar month of August, and three of the dates of publication, namely, July 29, August 5 and 12, being more than a calendar month before court convened. Certainly this publication was sufficient. It seems to us that publication, as used in our divorce act, means notice to the public generally, all persons including the defendant, that the action is pending.

In the case of *Griffith v. Griffith*, *1 W. W. Harr.* (*31 Del.*), *1*, 108 *Atl.* 209 ,the first publication of the alias summons was on the 4th of October and the next term of court, being the second term after the issuing of the original writ, began on the 3d of November; in that case our court held the publication was not for one month and, therefore, insufficient.

We feel that the provision of the statute is complied with when there is a publication for five successive weeks, provided that at least the first publication shall be made a calendar month, or more, before the convening of court as was done in the case before us.

Let a decree nisi be entered.