PARSEGHIAN *v.* PARSEGHIAN.

4-7270                                        178 S. W. 2d 49

Opinion delivered February 28, 1944.

*C. A. Stanfield,* for appellant.

*H. A. Tucker,* for appellee.

McFADDIN, J.  This is a divorce case and necessitates a consideration of the requirements for residence, as prescribed by § 4386 of Pope's Digest.

On December 29, 1942, the husband, Vahan Parseghian, filed this suit for divorce and alleged that he and his wife, Herignaz Parseghian, "had been living separate and apart without cohabitation for more than three years consecutively next preceding the filing of this complaint." He also alleged "that the plaintiff has been a resident of Garland county, Arkansas, for the period of time required by statute to confer jurisdiction upon this

court." The complaint was resisted by the wife; and the evidence reflects that the parties were intermarried in 1918 and lived together as husband and wife until 1937; and that since 1937 the husband has made repeated efforts to obtain his freedom so he could marry another. The domicile of all the parties seems to be in Detroit, Michigan, where the husband owns a store in which the wife owns, or claims, an interest.

In Wayne county, Michigan, the husband first attempted to secure a divorce, but this was defeated and he was ordered to pay his wife maintenance, which it appears he has not done regularly. Then in May, 1941, the husband tried the courts of Oakland county, Michigan, for divorce, and this was refused; and the court there stated: "After hearing the evidence submitted by the plaintiff and the defendant, the court finds from said evidence that the plaintiff has not come into equity with clean hands, that he has been guilty of wanton and willful non-support of his family for years past, and that the bill of complaint was filed solely for the purpose of obtaining a divorce to afford him the opportunity of marrying another woman with whom he is infatuated."

Thereafter and in October, 1942, while the wife's attorney was trying to get some of her property rights adjusted, the husband told the attorney that he (the husband and appellee here) "would go to every state in the Union and file a bill for divorce if that became necessary to finally procure one."

With the above as a background, we have the husband filing this suit in Arkansas on December 29, 1942, and the wife resisting the suit on the grounds, *inter alia*, that the plaintiff had not been a resident of Arkansas for two months prior to the filing of the suit. The lower court granted the divorce to the husband. We reverse the decree and dismiss the cause as prematurely filed. Here are our reasons:

Section 4386 of Pope's Digest provides, as to residences: "The plaintiff, to obtain a divorce, must prove . . . in addition to a legal cause of divorce: First. A residence in the state for three months next before the

final judgment granting a divorce in the action and *a residence for two months next before the commencement of the action.*" (Italics our own.)

It will thus be seen that residence for two months is jurisdictional. Some of our most recent cases on residence are *Carlson* v. *Carlson,* 198 Ark. 231, 128 S. W. 2d 242; *Morgan* v. *Morgan,* 202 Ark. 76, 148 S. W. 2d 1078; *Barth* v. *Barth,* 204 Ark. 151, 161 S. W. 2d 393; *Gilmore* v. *Gilmore,* 204 Ark. 643, 164 S. W. 2d 446; *Kennedy* v. *Kennedy,* 205 Ark. 650, 169 S. W. 2d 876. From a reading of the entire evidence in this case we seriously doubt if this husband, the appellee here, ever acquired a residence in this state within the spirit and intent of these cases. But we do not have to decide whether he complied with the spirit of the law because, obviously, he failed to comply with the letter of the law: in that he failed to prove residence in Arkansas *"for two months next before the commencement of the action."* Where this statute says *months* it means *calendar months.* As said in 62 C. Jur. 970: ". . . a period of a month or months is to be computed not by counting days, but by looking at the calendar, and it runs from a given day in one month to a day of the corresponding number in the next or specified succeeding month. . . ." See *Bank of El Paso* v. *Neal,* 181 Ark. 788, 27 S. W. 2d 1024; *Judkins* v. *Myers,* 91 Ark. 566, 121 S. W. 1045.

As has been previously mentioned, this divorce suit was filed on December 29, 1942. So the plaintiff—in order for the court to acquire jurisdiction—was required to prove residence in Arkansas for at least as early as October 29, 1942. This he failed to do. When he testified by deposition on January 28, 1943, he was asked: "How long have you been living here?" And he replied: "Ever since October 31, 1942." One of his witnesses testified that the plaintiff was in Detroit, Michigan, on October 30, 1942. No one testified unequivocably and positively that the plaintiff was in Arkansas prior to October 31, 1942. Against all this there was the positive testimony of several witnesses that the plaintiff was in Detroit, Michigan, on November 1, 1942, and November 3, 1942. To summarize the evidence: the plaintiff himself ad-

mitted that he lacked two days of being in Arkansas for two months before filing suit; and no witness for the plaintiff testified positively that he was in Arkansas two months before filing the suit. The two months' residence was not proved, as required by law.

The suit was prematurely brought; and for that reason the decree of the lower court is reversed and the cause dismissed.