### FOGEL v. COMMISSIONER OF INTERNAL REVENUE.
### No. 13982.

United States Court of Appeals
Fifth Circuit.
April 8, 1953.

William P. Fonville, Dallas, Tex., for petitioner.

Louise Foster, Sp. Asst. to Atty. Gen., Ellis N. Slack, Act. Asst. Atty. Gen., Lee A. Jackson, Carlton Fox, Sp. Assts. to Atty. Gen., Mason B. Leming, Act. Ch. Cnsl., Bur. of Int. Rev., and W. Herdman Schwatka, Sp. Atty., Washington, D. C., for respondent.

Before HUTCHESON, Chief Judge, and STRUM and RIVES, Circuit Judges.

STRUM, Circuit Judge.

This is a petition to review a decision of the Tax Court sustaining a deficiency assessment in petitioner's income taxes for the year 1945.

Petitioner, who is not a dealer in grain nor commodity futures, on June 19, 1945, purchased 50,000 bushels of rye, for his own account, on a grain futures contract. He sold it on December 19, 1945, realizing a gain of $16,662.50, which he returned for income tax purposes as a long term capital gain, taxable on a 50% basis. The Commissioner of Internal Revenue held that the gain was short term, taxable on a 100% basis, and redetermined petitioner's tax liability accordingly. See sec. 150(c) Revenue Act of 1942, 26 U.S.C.A. § 117(b-e). This resulted in a deficiency assessment of $7,881.83, which the Tax Court sustained.

Petitioner here seeks a review of that decision.

Section 117(a), Int.Rev.Code, 26 U.S.C.A. § 117(a), defines a long term capital gain as one from the sale or exchange of a capital asset held for "more than 6 months," a short term capital gain as one from the sale or exchange of a capital asset held for "not more than 6 months". The Tax Court held that in the computation of time under sec. 117(a)(4), the day of acquisition must be excluded, and that petitioner had therefore held this asset for exactly six months and no longer, so that the asset not having been held for "more" than six months the gain was a short term gain under the above definitions. 10 Tax Ct. Mem. Dec. 859.

Petitioner contends that the determinative period "is a term of six calendar months measured by reading the calendar beginning with and including the date of acquisition of the asset and ending with the same date less one in the sixth subsequent month," which would qualify this as a long term gain. Alternatively, he contends that the period should be computed on the uniform basis of a 30 day month, so that the determinative requirement, in every instance, would be that the asset be held for more than 180 days, with which this transaction complies.

Petitioner further points out that if the period is computed on a basis of actual calendar months, there would be occasions —depending upon the month of acquisition —when an asset could be held two days less than petitioner held this one, and still a gain from its sale would qualify as a long term gain.[1] He also points out that in Section 117(h), and in Treas.Reg. 111, sec. 29.117–4, which deals with the period for which a taxpayer has held stock or se-

---

[1] Petitioner computes that if actual calendar months be used as the basis, a taxpayer who acquires a capital asset in February, September or November, need hold the same for only 182 days to qualify for a long term gain; whereas a taxpayer who acquires in October or December must hold for 183 days; one who acquires in April or June must hold for 184 days; and one who acquires in March, May, July or August must hold for 185 days. This petitioner, acquiring in June, held for 183 days, but was denied long term treatment, while one acquiring in February, September or November could qualify for long term treatment in 182 days.

curities acquired from a corporation by the exercise of stock rights, that section provides that "there shall be included only the period *beginning with the date* upon which the right to acquire was exercised."[2] (Italics supplied.) Petitioner contends that the same method should be followed in interpreting Section 117(a)(4), with which we are here concerned. But Congress was there dealing with quite a different problem, involving a different situation than that which confronts us here.

Lastly, petitioner points to 10 U.S.C.A. § 865, prescribing the method of computing Army pay, as an instance of Congressional requirement that a "month" should uniformly consist of 30 days. But there again Congress was dealing with another and highly specialized problem. It was free to prescribe a different basis of computation in these differing situations, and still be guilty of no inconsistency.[3]

■ Neither the Internal Revenue Code, nor the Treasury Regulations, define the word "month" as used in section 117(a). But the term is not a technical one, and when undefined, as here, it is commonly understood to mean a calendar month. Guaranty Trust & Safe-Deposit Co. v. Green Cove Springs & M. R. Co, 139 U.S. 137, 11 S.Ct. 512, 35 L.Ed. 116; Siegelschiffer v. Penn Mutual Life Ins. Co., 2 Cir., 248 F. 226.

■ In computing a period of time, the beginning of which is determined by a given date, or by an event, the general rule is that the designated date, or the day of the event, is to be excluded, while the last day of the period is to be included. Sheets v. Selden's Lessee, 2 Wall. 177, text 190, 69 U.S. 177, text 190, 17 L.Ed. 822, text 826; United States v. Hardy, 4 Cir., 74 F.2d 841; Postel v. Broadway Trust Co., 7 Cir., 29 F.2d 281; Leeper v. Lemon G. Neely Co., 6 Cir., 293 F. 967; Eliot Nat. Bank v. Gill, D.C. 210 F. 933; United States v. Barber, D.C. 24 F.Supp. 229; 52 Am.Jur., page 350, sec. 23.

■ The rule just stated is not universally applied because the circumstances and consequences implicit in the problem under consideration sometimes dictate the application of another rule. Compare Taylor v. Brown, 147 U.S. 640, 13 S.Ct. 549, 37 L.Ed. 313; Arnold v. United States, 9 Cranch 104, 13 U.S. 104, 3 L.Ed. 671; Town of Louisville v. Portsmouth Saving Bank, 14 Otto 469, 104 U.S. 469, 26 L.Ed. 775; Honolulu Rapid Transit & Land Co. v. Wilder, 211 U.S. 137, 29 S.Ct. 44, 53 L.Ed. 121; Lanham v. McKeel, 244 U.S. 582, 37 S.Ct. 708, 61 L.Ed. 1331; In re Gubelman, 2 Cir., 10 F.2d 926; In re Susquehanna Chemical Corp., D.C., 81 F. Supp. 1. But these are regarded as exceptions to the general rule. The tendency of the cases is to avoid, if possible, defeating a title or destroying a *bona fide* and completed transaction. Here, however, petitioner seeks a reduction in taxes, and he must bring himself clearly within the conditions. Deputy v. DuPont, 308 U. S. 488, 493, 60 S.Ct. 363, 84 L.Ed. 416, 421; Lykes v. United States, 343 U.S. 118, 72 S.Ct. 585, 96 L.Ed. 791; In Taylor v. Brown, supra, the court included the first day of the period but excluded the last day. So even that case does not sanction including *both* days. And the court recognized that the method of computation there

2. The regulation says the period shall "begin with and include" the date upon which the acquisition right was exercised.

3. On the other side of the picture, there is 26 U.S.C.A. § 930(c), relating to estate taxes, which defines "Month" as meaning "calendar" months for the purposes of that subchapter. In 26 U.S.C.A. § 48(a), relating to income taxes, "taxable year" is defined as meaning "calendar" year, or the fiscal year ending during such "calendar" year. And in 26 U.S.C.A. § 1602(c) (5), relating to employment taxes, the statute provides that the term "year" means any 12 consecutive "calendar" months. Section 1602(c) (7), also relating to employment taxes, provides that the term "computation date" means the date, occurring at least once in each "calendar" year, etc. From these and other instances, it clearly appears that Congress usually contemplated "calendar" months, and "calendar" years in enacting tax statutes, unless a contrary intent is indicated. See also 26 U.S.C.A. § 1030 (a) and Section 1001(b).

**350**

employed was a departure from the general rule.

 Although petitioner's arguments to the contrary possess the merit of ingenuity and resourcefulness, it is our view that in adopting the language under consideration, Congress had in mind ordinary calendar months, and that in computing the six month period the day of acquisition should be excluded, while the day of sale is to be included, according to the well established general rule. In re Harriet M. Hooper, 26 B.T.A. 758; In re E. T. Weir, 10 T.C. 996, affirmed 3 Cir., 173 F.2d 222; Sheets v. Selden's Lessee, supra. If this leads to inequalities in taxation, that is a problem for Congress, not the courts. Such inequalities are frequently encountered. The decision appealed from is

Affirmed.