CHRYSLER CORPORATION, Defendant Below, Appellant, v. STATE OF DELAWARE, Plaintiff Below, Appellee.

(*July* 19, 1960.)

SOUTHERLAND, C. J., WOLCOTT and BRAMHALL, J. J., sitting.

*Januar D. Bove, Jr.,* Attorney-General, for the State.

*Richard F. Corroon* and *Joseph H. Geoghegan* (of the firm of Berl, Potter and Anderson) for defendant.

*Howard L. Williams* (of the firm of Morris, James, Hitchens and Williams) for the Diamond State Telephone Company, appearing as *Amicus Curae.*

Supreme Court of the State of Delaware, No. 13, 1960.

BRAMHALL, J.:

The sole question raised by this appeal is whether the words "calendar week" and "week", as the same are used in the statute regulating the maximum hours of work of female employees, shall be interpreted as meaning a week beginning at 12:00 P.M.

Saturday night and ending at 12:00 P.M. the following Saturday night, or any period of seven days.

The State filed seven Informations in the Superior Court charging defendant with the violation of 19 *Del. C.* § 302, relating to the maximum hours and days of employment of female employees. It was alleged therein that defendant employed females to work more than six days during the period of March 30th through April 5th, 1959, inclusive; with permitting females to work more than ten hours in one day during that period and with employing females to work more than fifty-five hours during that period of time.

Defendant pleaded *nollo contendere* as to the counts relating to certain of the employees and filed a motion to dismiss as to the remaining counts. The motion was denied and a minimum fine imposed on each count of each Information. Defendant appeals.

The Diamond State Telephone Company was permitted without objection to intervene as *Amicus Curiae.*

The trial judge, conceding that the term "calendar week" has been frequently interpreted as referring to a period of seven days, beginning immediately after midnight on Saturday night and ending at midnight on the following Saturday night, stated that the meaning of these words was not fixed and that they varied with their use. He further held that the words "calendar week" and the word "week", as used in the statute, are apparently intended to refer to the same method of computing time. He stated that they must be interpreted in their context and in accordance with the purpose or purposes behind the statutory provision.

The trial judge found that the obvious purpose of the statute is to protect the health of female employees. He noted that under defendant's interpretation thereof, a female employee could be required to work twelve days in a row provided such

week was evenly split by the start of a new calendar week and provided further that the employee had a day off before and after the twelve-day period. He made similar comparisons relative to the period of ten hours a day and the fifty-five hour work week. He then stated that the practical application of the opposing interpretations led him to conclude that the State's interpretation was in accord with the purpose of the statute and with the intent of the General Assembly.

Defendant contends that there is no ambiguity or uncertainty in the meaning of the statute; that even in the event of such ambiguity, the only common and approved usage of the term "calendar week" is that meaning a period of seven days from Sunday to Saturday inclusive. Defendant avers that the "practical application" of the statute by the trial judge has no support in the legislative history of the statute or in logic and is, moreover, inconsistent.

19 *Del. C.* 302, the applicable statute, provides as follows:

"(a) Except as otherwise provided in this section, no female shall be employed or permitted to work in an establishment or office to which this chapter applies, more than 6 days in any one calendar week, nor more than 10 hours in any one day, or more than 55 hours in any one week.

"(b) Any female may be permitted to work 12 hours in one day only of each week, on the condition that her total hours of employment for any week shall not exceed 55 hours. * * *"

As originally enacted on March 20, 1913, 27 *Del. L.*, Ch. 175, the statute contained the prohibition against a female working more than ten hours in any one day or more than fifty-five hours in any one "week". As amended on March 22, 1917, 29 *Del. L.*, Ch. 230, the prohibition against employing females more than six days in any one "calendar week" was inserted.

We think that the language of the statute is clear and needs no construction. It is not disputed that absent any language therein requiring a contrary construction or showing a contrary intent, the words "calendar week" must be construed to mean a week beginning at midnight on Saturday and ending at midnight on the following Saturday. *Sonoma County v. Sanborn,* 1 *Cal. App.* 2d 26, 36 *P.* 2d 419; *Syversen v. Saffer, Misc.,* 140 *N. Y. S.* 2d 774, affirmed 1 *A. D.* 2d 897, 150 *N. Y. S.* 2d 551; *Scilley v. Red Lodge-Rosebud Irr. Dist.,* 83 *Mont.* 282, 272 *P.* 543; *King County v. City of Seattle,* 7 *Wash.* 2d 236, 109 *P.* 2d 530. See *Webster's New International Dictionary* (2d ed.). In 1 *Del. C.* § 303, it is stated that words and phrases shall be construed according to common and approved usage of the English langauge. Giving the words "calendar week" their common and approved usage, we find that these words, as used in 19 *Del.* C. § 302, refer to the period from midnight Saturday to midnight the following Saturday. It follows that the word "week" as used thereafter in this section relates back to "calendar week" and must therefore be given the same meaning. See 2 *Sutherland, Statutory Construction,* § 4908, p. 393.

The cases of *Griffith v. Griffith,* 1 *W. W. Harr.* (31 *Del.*) 1, 108 *A.* 209, and *Bozman v. Bozman,* 2 *W. W. Harr.* (32 *Del.*) 45, 118 *A.* 657, cited by defendant, do not require a contrary conclusion. Both of these cases involved an interpretation of the Divorce Act (*Rev. Code* 1915, Ch. 86), 13 *Del. C.* § 1501 *et seq.,* relative to the issuance of an alias summons in divorce in the absence of personal service, by providing for publication for "one month". The Court stated that this meant a calendar month, which it interpreted to mean a month ending on the day of the next succeeding month corresponding to the day in the month on which the first publication was made.

The term "calendar month" is commonly defined in two different senses: (1) Any of the months as adjusted in the calendar, and (2) the time from any day of any month to the corresponding time of the next month. *Webster's International Dic-*

*tionary* (2nd ed.). In both of these cases the Superior Court approved the latter of these commonly used definitions. This is not the situation here. There is only one commonly used interpretation of "calendar week" and that is as contended by defendant.

■ We think there is nothing in the statute requiring a different interpretation or which would permit the elimination therefrom of the word "calendar", nor is there a rule of construction so requiring. 2 *Sutherland, Statutory Construction,* § 4926, p. 462. In fact, the presumption is strong that the Legislature by the use of the word "calendar" in the amendment intended to give a different meaning, or at least to clarify, the language of the statute. A change in the phraseology of the amendment creates a presumption that the Legislature intended a change of meaning. *Crawford Statutory Construction,* § 304, p. 618. An amended statute should be construed as if it had been originally passed in its original form since the amendment becomes a part of the original enactment. *Myers v. Fortunato,* 13 *Del. Ch.* 148, 116 *A.* 623; *In re Andrews' Estate,* 3 *Terry* (42 *Del.*) 376, 34 *A.* 2d 700. In so construing the statute as a whole, it is clear that when the word "week" is used, it relates back to "calendar week". To give it any other construction would be to say that the Legislature in one part of the section was referring to a calendar week and in the other parts of the same section to seven days.

■ Neither do we agree that the "practical application" of these words demands such a strained construction as given by the trial judge. While it is clear, as the trial judge states, that in some isolated instances a female might work more than fifty-five hours in any given seven days or more than twelve hours in more than one day out of seven, it must be conceded, in general, that the purpose of the statute as defined by the trial judge is carried out. To give to the statute the construction suggested by the State, and as given by the trial judge—if such a constuction should be desirable—is a matter for the Legislature rather than the courts.

The judgment of the Superior Court is reversed with instructions that the motions to dismiss shall be granted.