Baker *v.* Baker.

[Cite as Baker v. Baker, 8 Ohio Misc. 223.]

(No. 59715—Decided March 9, 1966.)

Termination of Alimony: Lucas County Common Pleas Court, Division of Domestic Relations.

*Mr. Thomas Watkins,* for plaintiff.
*Mr. Paul Leahy,* for defendant.

Warren, J. (by assignment from Putnam County). This matter came on for hearing on the motion of the defendant to terminate periodic alimony payments.

Plaintiff was granted a divorce on the 26th day of November, 1963. In the decree the court found that the property settlement and separation agreement previously entered into by the parties was fair and it was ordered incorporated into the decree of divorce. A copy of the agreement was attached to and made a part of the decree.

Part 4 of the agreement provides as follows:

"4. That wife, as and for alimony, shall receive the sum of forty ($40.00) dollars twice monthly for a period of five (5) years commencing January 10, 1964. Provided, however, should the wife, at any time during said five (5) years, remarry or become gainfully employed full time (any week in which wife works five (5) days or more shall be considered full-time employment under this Agreement) the alimony herein provided shall cease and this provision shall be null and void."

Plaintiff has filed a motion for an order terminating furth-

er payment of alimony on the grounds that plaintiff has been employed on five days during each of certain weeks in the year 1965. Under the terms of the agreement incorporated into the decree, the alimony payments would continue until January 10, 1969, unless otherwise terminated by plaintiff's remarriage or full-time employment.

Plaintiff was employed at Mercy Hospital, Toledo, Ohio, commencing in July, 1965. The evidence disclosed that the plaintiff was carried on the hospital records in accordance with its regulations as a part-time employee, and that the hospital pay week commences on Monday and ends on Sunday.

The terms and conditions of plaintiff's employment with a third party could in no way affect or alter the explicit terms of the separation agreement and property settlement executed between plaintiff and defendant.

Upon the evidence presented at the hearing, the court finds that the plaintiff was employed on forty-seven days from July 19, 1965 to October 23, 1965.

The defendant contends that plaintiff, during several separate weeks, worked "full time," defined in said agreement as "any week in which wife works five days or more."

Bouvier's Law Directory, 3d Revision, defines *week* as seven days of time, and states: "The week commences immediately after 12:00 o'clock in the night between Saturday and Sunday, and ends at 12:00 o'clock seven days of 24 hours each, thereafter."

The rule as stated by the United States Supreme Court in *Ronkendorff* v. *Taylor's Lessee,* 4 Peters (29 U. S.) 349, at page 361, is that "a week is a definite period of time, commencing on Sunday and ending on Saturday."

In *Chrysler Corp.* v. *State,* 52 Del. 544, 163 A. 2d 239, the proceeding involved a criminal prosecution based on a statute prohibiting the employment of females for more than six days in a calendar week, nor more than fifty-five hours in any one week.

The prosecution maintained that the words "any one week" meant during any seven-day period. The lower court held that the obvious purpose of the statute is to protect the health of female employees, and that if it meant calendar week, a female employee could be required to work twelve days in a

row provided such week were evenly split by the start of a new calendar week, and that the employee had a day off immediately before and after the twelve-day period.

The Supreme Court of Delaware reversed the decision of the Superior Court, and held that the words "calendar week" and "week" both "refer to the period from midnight Saturday to the following midnight Saturday, and not to any other seven-day period."

In the instant case the plaintiff worked July 19, 20, 21, 28, 29; August 7, 8, 11, 12, 13, 16, 17, 20, 23, 24, 28, 29, 30; September 3, 4, 5, 6, 7, 8, 10, 15, 16, 17, 19, 20, 25, 26, 27, 28, 30; and October 1, 4, 6, 7, 10, 11, 13, 14, 15, 20, 21 and 23.

The court finds that the terms of the separation agreement and property settlement as approved by the court decree defining full-time employment as "any week in which wife works five days or more" is unambiguous, clear and definite, and means five days of employment commencing at midnight between Saturday and Sunday and ending seven days later.

The court finds from the evidence adduced that plaintiff worked five-day weeks during weeks commencing Sunday, September 5, 1965 through September 11, 1965, Sunday, September 26, 1965 through October 2, 1965, and Sunday, October 10, 1965 through October 16, 1965.

Defendant's motion to terminate the payment of alimony is granted. A journal entry may be drawn awarding judgment to defendant in conformity with this decision.

Defendant to pay costs; exceptions allowed plaintiff.

*Motion granted.*