

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

February 18, 1975

The Honorable Everett L. Anschutz
Executive Secretary
Employees Retirement System of
  Texas
Box 12337, Capitol Station
Austin, Texas   78711

Opinion No. H- 531

Re: Employees Retirement
System computation of credit
for military service.

Dear Mr. Anschutz:

You have requested our opinion concerning the construction of article 6228a, section 4-G, V. T. C. S., insofar as it allows retirement credit to be granted for "full months in actual service" in the military.

Article 6228a, section 4-G, provides in pertinent part:

> Any person applying for credit authorized by this subsection, shall pay to the Employees Retirement System a sum equal to the number of <u>full</u> months in actual service. . . . (Emphasis added).

The word "full" was added by Acts 1973, 63rd Leg., ch. 394, p. 871. You state in your request that prior to this amendment you construed "month" to mean "calendar month" as required by article 23(15), V. T. C. S. You state that you:

> . . . used the spare days in the calendar months at the beginning and end of a member's military service . . . [and] if the spare days totaled 30 or more [you] counted an extra 'so called' calendar month, [thereby creating] a calendar month for administrative purposes.

However, upon the addition of the word "full" to article 6228a, section 4, you have ceased giving credit for partial months which total 30 days, construing "full" to require complete months as they appear on the calendar.

It is well established that the word "month" is to be construed as "calendar month." V. T. C. S. art. 23(15); Gardner v. Universal Life & Accident Ins. Co., 164 S. W. 2d 582 (Tex. Civ. App. --Dallas 1942, writ dism'd);Attorney General Opinion O-1492 (1939). However, "calendar month" is subject to two different constructions. It may be construed as complete months as they appear on the calendar; for example, under this construction there is one calendar month in a period from September 4 to November 4 (viz. October). It may also be construed as a period from a given day in one month to a day of the corresponding number in the next month. A period from September 4 to November 4 would thereby include two calendar months. 86 C. J. S. Time § 10.

It is apparent that you have construed calendar month to mean complete months as they appear on the calendar. There is some authority for this construction. See Ex Parte Neisler, 69 S. W. 2d 422 (Tex. Crim. App. 1934); Chrysler Corporation v. Delaware, 163 A. 2d 239 (Del. 1960). The great weight of authority, however, construes "calendar months" otherwise. Gardner v. Universal Life & Accident Ins. Co., supra; Attorney General Opinion O-1492 (1939); Fogel v. Commissioner of Internal Revenue, 203 F. 2d 347 (5th Cir. 1953); Krajniak v. Wilson, 249 A. 2d 249 (Conn. 1968); Brown v. City of Omaha, 137 N. W. 2d 814 (Neb. 1965); Odom v. Odom, 130 So. 2d 10 (Ala.1961); Parseghian v. Parseghian, 178 S. W. 2d 49 (Ark. 1944); Minard v. Burtis, 53 N. W. 509 (Wis.1892); c. f. Siebert v. Sally, 238 S. W. 2d 266 (Tex. Civ. App. --Galveston 1951, no writ); Price v. Wood, 88 S. W. 2d 530 (Tex. Civ. App. --Beaumont 1935 , no writ).

"Calendar month" is defined in these cases as a period of time "from a given day in one month to a day of the corresponding number in the next or specified succeeding month." Gardner v. Universal Life & Accident, supra at 583. If the specified succeeding month contains no day of the corresponding number, a calendar month ends on the last day of that month. Odom v. Odom, supra, (e. g. August 31, 1974 to April 30, 1974 is seven calendar months) .

Generally, a calendar month is not completed until the corresponding day in the next month. However, we are aware that military service is usually completed on the day preceding the day numerically corresponding to the starting day. Whether the first and last days of a period should be counted depends on the facts of the particular case, for courts will adopt the construction that will uphold bona fide claims. Hazlewood v. Rogan, 67 S. W. 80 (Tex. Sup. 1902); Hill v. Kerr, 14 S. W. 566 (Tex. Sup. 1890); Watkins v. P. J. Willis & Bro., 58 Tex. 521 (1883); O'Connor v. Towns, 1 Tex. 107 (1846); Eyl v. State, 84 S. W. 607 (Tex. Civ. App. 1904, writ ref.). 55 Tex. Jur. 2d Time § 8. Statutes involving a question of first and last days of a period should be given "such a construction . . . as would operate most to the ease of parties entitled to favor, and by which rights would be secured . . . ." O'Connor v. Towns, supra at 114.

In Attorney General Opinion H-348 (1974), we noted that statutes providing retirement benefits are to be liberally construed so as to secure the benefits intended. 53 Tex. Jur. 2d Statutes § 157. See Woods v. Reilly, 218 S. W. 2d 437 (Tex. Sup. 1949); Teacher Retirement System v. Duckworth, 260 S. W. 2d 632 (Tex. Civ. App. --Ft. Worth 1953), opinion adopted 264 S. W. 2d 98 (Tex. Sup. 1954). In addition, the cases interpreting "calendar months" have dealt with procedural time limitations and contract clauses. We feel that an evaluation of the duration of military service involves a quite different situation, one where the first day of service should be considered as a complete day. In conjunction with the state's public policy concerning beneficial statutes, these circumstances compel a modification of the general rule. Accordingly, it is our opinion that in the context of military service a calendar month is a period of time from the starting day to the day preceding the numerically corresponding day in the next month.

The addition of the word "full" to article 6228a, section 4, compels no different conclusion. The amendment's bill analysis which was before the Legislature expresses no such purpose. Senate Bill 899 (1973) (Bill Analysis). In our opinion, the word "full" was intended to expressly exclude partial calendar months from the operation of section 4. For example, an employee who served in the military from August 15, 1958 until October 13, 1960, may pay the system for 25 calendar months of service, but not for 25 and 29/30 months.

## SUMMARY

"Full months" as used in article 6228a,
V. T. C. S., means full calendar months. The
number of full calendar months included in a
period of military service is the number of
monthly segments from the starting date to
the last day of the period which directly pre-
cedes a date numerically corresponding to
the starting date.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

lg