The Honorable Robbie Wills State Representative Post Office Box 306 Conway, Arkansas 72033-0306
Dear Representative Wills:
I am writing in response to your request for an opinion on two questions involving A.C.A. § 6-17-1204, which addresses sick leave for teachers. You first set out the applicable statute:
 (a) Each school district in the state shall provide sick leave for each of its teachers at a minimum rate of one (1) day per month or major portion thereof that the teacher is contracted, at full pay.
 (b) Such leave shall be in force beginning with the first day of the first school term for which each teacher is employed.
 (c) If a teacher resigns or leaves his teaching position for any reason before the end of the school term, the employing district may deduct from his last paycheck full compensation for any days of sick leave used in excess of the number of days earned.
 (d) A teacher shall be entitled to sick leave only for reasons of personal illness or illness in his immediate family.
A.C.A. § 6-17-1204 (Repl. 1999).
You pose two questions regarding this statute, as follows:
 1. My question relates to subsection (a). If an employee is under a 190 day contract beginning August 14, 2006 and ending May 31, 2007 and including 10 days of professional development (A.C.A. § 6-17-2402) is the employee entitled to ten days of sick leave since they work the majority of August, September, October, November, December, January, February, March, April, and May?
 2. Another similar question would be if the employee is required to work 190 days, is scheduled for 185 and then in addition must get five additional days of professional development on other unscheduled days between July 1, 2006 and June 30, 2007, will they also be entitled to the ten days of sick leave?
RESPONSE
In my opinion the answer to your first question is "yes." I cannot determine the answer to your second question from the information given. You have not stated the contract dates for this teacher. Section 6-17-1204 bases the entitlement to sick leave on each month, or major portion thereof, that a teacher is contracted, not on the days a teacher works. There will obviously be some difficulty in determining a teacher's entitlement to sick leave where a portion of the contract period is not attributed to any particular month. Although a court might be inclined to interpret the statute liberally in such instance to effectuate the legislative intent, judicial or legislative clarification will be necessary to definitively resolve this issue.
Question 1 — My question relates to subsection (a). If anemployee is under a 190 day contract beginning August 14, 2006and ending May 31, 2007 and including 10 days of professionaldevelopment (A.C.A. § 6-17-2402) is the employee entitled to tendays of sick leave since they work the majority of August,September, October, November, December, January, February, March,April, and May?
In my opinion the answer to this question is "yes." I assume, as an initial matter, that the "employee" to whom you refer is a "teacher" subject to A.C.A. § 6-17-1204. That statute, set out above, entitles teachers to sick leave of "one (1) day per month or major portion thereof that the teacher is contracted. . . ." A.C.A. § 6-17-1204(a). In the facts you describe, the teacher is contracted from August 14, 2006 through May 31, 2007. Clearly, the teacher is contracted for the "major portion" of August. A contract beginning on August 14th and encompassing the balance of that calendar month through August 31, includes eighteen (18) days in August during which the teacher is under contract. That is a "major portion" of the thirty-one calendar days in August. Although the term "major portion" is not defined by the statute, a common meaning of the term "major" is "greater in size, extent or importance" or "of or pertaining to the majority." Random House Webster's Unabridged Dictionary (2d ed. 2001) at 1161. Added to the additional full nine months for which the teacher is contracted, it is clear that the teacher described in your first question is entitled to ten days of sick leave.
Some uncertainty may exist under the statute as to whether the calculation is properly based only upon calendar months. In presenting your first question for resolution, you state that your "research included AG Opinion 86-553" which you state you believe "indicates that [the teacher] is entitled to ten days." In Opinion 1986-553, one of my predecessors addressed a question regarding a teacher's entitlement to sick leave "in a school year beginning August 20th and ending June 9th." Presumably, the teacher's contract encompassed the period between and including those same dates. Obviously, the contracted days in August and June under those facts did not, viewing the months of August and June in isolation, constitute the "major portion" of August or June, respectively. My predecessor, in response to a question of what the "definition of `month' should be" and "how many days of sick leave a teacher would be entitled to" in such a school year, addressed those facts as follows:
 First, it could be argued that the time periods from August 20th to August 31st and June 1st to June 9th are not major portions of a month and not to be included in calculations of sick leave time. Thus, under this approach teachers would accumulate only nine sick leave days for the nine full months worked from September through May.
 A second interpretation would be to combine the time periods from August 20th through August 31st and June 1st through June 9th and come up with 21 days which together could be considered a major portion of tenth month. This would entitle school teachers to a tenth day of sick leave.
 The third approach would be to view the first month as running from August 20th until September 20th and continuing in this manner until May 20th. The time period from May 20th to June 9th would constitute a major portion of an additional month entitling teachers to a tenth day of sick leave.
 Whether the logic of the second or third approach is decided upon, it is the opinion of this office that Ark. Stat. Ann. 80-1251 (Repl. 1980) should be interpreted in a manner that provides teachers with a day of sick leave for each month or thirty-day period or major portion thereof in which they worked. Thus, it is the opinion of this office that the school teachers in the contract period described would be entitled to ten sick leave days.
Id. at 1.
The first question you pose is distinct from that posed in Op. Att'y Gen. 1986-553. Your question does not pertain to portions of two different months that do not individually constitute the major portion of those individual calendar months. Your question, rather, involves only one partially-contracted month, where the contracted portion of that calendar month is clearly the "major portion" of that month. It is not necessary, therefore, in addressing your first question, to rely upon the conclusion reached in Op. Att'y. Gen. 1986-553.[1]
In my opinion, therefore, the answer to your first question is "yes," the teacher described in your first question is entitled to ten sick leave days.
Question 2 — Another similar question would be if the employeeis required to work 190 days, is scheduled for 185 and then inaddition must get five additional days of professionaldevelopment on other unscheduled days between July 1, 2006 andJune 30, 2007, will they also be entitled to the ten days of sickleave?
I cannot determine the answer to this question from the information provided. As stated above, the applicable statute bases the calculation of sick leave days upon each contracted month, or major portion thereof, of the teacher in question. You have not indicated the dates of the contract period in describing your second question. I cannot meaningfully address the question without information surrounding the particular contract, including the applicable dates. It may be that application of a "calendar month" test as described in either the first or third interpretations set out in Opinion 1986-553 would give rise to an arguably unfair reduction in the number of sick leave days. Or, conversely, no such reduction may arise. I simply cannot determine the matter without all the relevant facts and am unwilling to speculate or opine in the absence of such facts. In my opinion, however, the applicable statute does not on its face authorize a calculation based on mere reference to the number of days the teacher is contracted or is scheduled to work, regardless of their non-consecutive nature. I do not think Opinion 1986-553 stands clearly for this latter proposition.
Some confusion may have resulted in this regard from the wording of Opinion 1986-553. That opinion concludes that what is now A.C.A. § 6-17-1204 "should be interpreted in a manner that provides teachers with a day of sick leave for each month orthirty-day period or major portion thereof in which theyworked." (Emphasis added). Again, this conclusion was in reference to how to calculate a "month" under the wording of the statute. The analysis in that opinion put forth three possible interpretations of the words "month or major portion thereof." The question was whether "month" should be interpreted as referring to: 1) a consecutive calendar month (e.g., January 1, through January 31), or 2) the two disparate portions of August and June under the contract at issue therein; or 3) a period of time beginning on the first day of the contract period, e.g., August 20th and continuing consecutively through September 20th and so on for the balance of the remaining periods throughout the contract. Opinion 1986-553 stated that "[w]hether the logic of the second or third approach is decided upon," the statute "should be interpreted in a manner that provides teachers with a day of sick leave for each month or thirty-day period or major portion thereof in which they worked." The Opinion presumably rejected the first interpretation under the facts at issue therein as artificially reducing a teacher's entitlement to sick leave.
The first and third possible interpretations put forth in Opinion1986-553 appear consistent with two commonly accepted meanings of the word "month." See, e.g., Random House Webster's UnabridgedDictionary (2d ed. 2001) at 1247 (defining "month" as: 1) "also called calendar month — any of the twelve parts as January or February, into which the calendar year is divided," or 2) "the time from any day of one calendar month to the corresponding day of the next." The third possible interpretation also appears consistent with the concept of a "month" described in Parseghianv. Parseghian, 206 Ark. 869, 871, 178 S.W.2d 49 (1944):
 Where this statute says months it means calendar months. As said in 62 C. Jur. 970: ". . . a period of a month or months is to be computed not by counting days, but by looking at the calendar, and it runs from a given day in one month to a day of the corresponding number in the next or specified succeeding month. . . ."
Id. at 871.
It is not clear whether the second possible interpretation put forth in Opinion 1986-553, aggregating non-consecutive days from two different months (June and August), and determining whether they constitute the "major portion" of thirty days is consistent with the definition of "month." The term "month" is also defined as "a period of four weeks or thirty days." Random HouseWebster's Unabridged Dictionary (2d ed. 2001) at 1247. This definition may refer to consecutive days, however, and again, the Arkansas Supreme Court in Parseghian stated that the calculation of a "month" is not to be computed "by counting days." 206 Ark. at 871. In any event, such a determination was not necessary to the conclusion in Opinion 1986-553, because the third possible interpretation in that opinion clearly encompassed the facts at issue therein, which involved a consecutive contract period from August 20th through June 9th.
In this regard, I do not think Opinion 1986-553 may fairly be read as addressing the situation you present in your second question, which involves the attribution, for sick leave purposes, of possibly unscheduled, possibly non-consecutive contract days that are not ascribed to any particular month. The applicable statute is based on each month or major portion thereof, that the teacher is "contracted." In my opinion, Opinion1986-553 cannot be read so broadly as to opine that "working" days, regardless of whether they are scheduled within the contracted period, may be aggregated into a thirty-day period for purposes of calculating sick leave. This conclusion was not necessary to the analysis in Opinion 1986-553, and is of more doubtful legality than the third possible interpretation put forth in that Opinion, upon which my predecessor could have solely relied.
It may well be that a court construing A.C.A. § 6-17-1204 would liberally interpret the statute to effectuate the legislative intention in spite of the literal language of its terms regarding each "month[s]" or "major portion thereof" that the teacher is contracted. I cannot opine definitively in this regard, however, without legislative or judicial clarification.
As a consequence, uncertainty may persist in attributing unscheduled days of professional development for sick leave calculation purposes. It appears from your question that the unscheduled professional development days are included in the 190-day contracted period. The difficulty presented by these unscheduled days is how to calculate sick leave at the beginning of a school year (as is required by the statute, see A.C.A. §6-17-1204(b) and Op. Att'y Gen. 1977-241), without knowing in which month these days will be scheduled. These five days are included in the contract but are not allocated to any particular day or month. They will presumably be scheduled at the discretion of the teacher and do not necessarily have to fall within the stated contract period. A contract provision requiring a teacher to obtain five days of additional professional development on unscheduled days between July 1, 2006 and June 30, 2007 may thus present some challenges in calculating whether the teacher is contracted for the "major portion" of particular months under the wording of the applicable statute. Again, I cannot determine the issue without regard to the dates of the contract. Although a court might be inclined to construe the statute liberally to effectuate the intention of the legislature in that circumstance, judicial or legislative clarification will be necessary to definitively address this issue.
I will note as a final matter, however, that the number of sick leave days set out in A.C.A. § 6-17-1204 are minimums only (see A.C.A. § 6-17-1208), and school districts are allowed to provide more days of sick leave or to have a more liberal policy for the administration of sick leave than the statute requires. There is nothing prohibiting a school district from adopting a policy to address the situation presented by your second question that is more liberal than the statute would require.
Deputy Attorney General Elana C. Wills prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB:ECW/cyh
[1] I will note, however, that the teacher described in your first question would be entitled to sick leave under either the first or third interpretations put forth in Op. Att'y Gen.1986-553. It would not be necessary to discuss the second possible interpretation discussed in that Opinion with regard to the teacher described in your first question.