## ELLIS v. HEIDRICK.

### No. 11014.

Court of Civil Appeals of Texas. San Antonio.

July 9, 1941.

Rehearing Denied Oct. 1, 1941.

Polk Hornaday, of Harlingen, for appellant.

Henry Lauderdale, of Mercedes, and Kelley & Looney and L. C. McLean, all of Edinburg, for appellee.

SMITH, Chief Justice.

Dr. J. C. Ellis sued Dr. D. L. Heidrick for actual and exemplary damages for alleged conversion of an automobile. The parties will be designated as plaintiff and defendant, respectively, as in the trial court. In pursuance of a directed verdict the trial court rendered judgment that plaintiff recover nothing, and plaintiff has appealed.

294

Defendant contests the appeal upon the grounds that (1) the trial court was without jurisdiction of the amount in controversy; that (2) the cause was barred by the two-year statute of limitations; and, (3) that plaintiff failed to prove the measure of his alleged damages, which was the market value of the converted car at the place of alleged conversion, to-wit: Mercedes, Texas, whereas, the only proof of value was that at Harlingen, a few miles distant from Mercedes.

The attack upon the jurisdiction of the trial court is without merit. The original jurisdiction of our district courts includes actions wherein the matter in controversy is valued at or amounts to $500, exclusive of interest. Art. 1906, R.S.1925. In his trial pleading plaintiff alleged actual and exemplary damages in the sums of $700 and $500, respectively, and prayed for recovery of $1,200. These allegations established jurisdiction prima facie. In a verified pleading defendant set up that plaintiff's allegations of so much damages were false and were made for the fraudulent purpose of conferring jurisdiction on the court. This issue of jurisdiction presumably was resolved against appellee by the trial court, in view of the directed verdict and judgment thereon. If the trial judge had found against jurisdiction, he could not, and presumably would not, have directed a verdict and rendered judgment on the merits. We overrule defendant's objection to jurisdiction.

Defendant raised the issue of limitations, to which the two-year statute concededly applies in suits for conversion. The rule is that the statute is set in operation by the act of conversion. In this case the alleged overt act of conversion was committed by defendant when he wrongfully sold plaintiff's car. This occurred on September 4, 1935. This suit, founded upon that ultimate act, was instituted on September 4, 1937. Fractional days, and the day on which the cause of action accrued, are excluded in computing limitation. 28 Tex.Jur. p. 147, § 63. So, the act having been committed, and the cause of action having accrued on September 4, the limitation period of two years commenced on September 5, 1935, and expired on and with September 4, 1937. The suit was instituted on that day, and the bar was averted.

In this connection it appears that defendant had possession of the automobile under an agreement with plaintiff that defendant keep possession until plaintiff could pay off a mortgage thereon held by defendant. Plaintiff alleged and testified that in July and August he was ready and desired to pay the mortgage debt, and wrote defendant requesting a statement of the balance due so that he might pay it; that defendant had failed to furnish this statement, and on September 4, 1935, wrongfully sold the car. Defendant contends that his failure to reply to plaintiff's request for a statement of the account constituted an assertion of ownership of the car, amounting to conversion, if any. There is no merit in this contention. The wrongful sale of plaintiff's car by defendant was his only overt act amounting to conversion. That occurred, as stated, on September 4, 1935. Plaintiff contends that he knew nothing of this wrongful act until thirty days later, and that limitation did not begin to run until then. There is no occasion to speculate upon or decide this question (28 Tex.Jur. p. 144, § 61) in view of the foregoing holding that the conversion occurred, if at all, with the wrongful sale of the car.

There is no merit in defendant's contention that proof of the value of the converted car at Harlingen was not sufficient compliance with the requirement of proof of value at the place of conversion, Mercedes. We take judicial notice of the proximity of the two cities in question and that each is in "the vicinity" of the other for the purpose of establishing a proper measure of damages for conversion of a used automobile.

We hold that the trial court properly assumed jurisdiction of the cause; that the cause was not shown to have been barred by limitation; that a proper measure of damages was established; that the evidence amply raised the properly pleaded issue of conversion entitling plaintiff to go to the jury, and that the trial court erred in directing a verdict and rendering judgment thereon. Because of that error, the judgment must be reversed and the cause remanded.

NORVELL, J., disqualified and not sitting.