**GARDNER et al. v. UNIVERSAL LIFE & ACCIDENT INS. CO.**

No. 13216.

Court of Civil Appeals of Texas. Dallas.

June 12, 1942.

Rehearing Denied Sept. 18, 1942.

Wade, Ford & Duke, of Dallas, for appellants.

Storey, Sanders, Sherrill & Armstrong, and Samuel H. Boren, all of Dallas, for appellee.

LOONEY, Justice.

This suit was instituted in the Justice Court by the beneficiaries—appellants here —on a life policy for $104, issued in January, 1935, by appellee on the life of Willie D. Walter. The insured was fatally wounded on April 24, 1940, and died three days later. On proper demand therefor, payment was refused by appellee, and the suit successfully defended in the court below, on the ground that the policy had lapsed for failure to pay the stipulated 5¢ weekly premium prior to the death of the insured.

The case was submitted to a jury, and they found that the last premium paid was on April 9, 1940, for the week, March 18 to 25, 1940; also found that on April 23, 1940, appellee, or its collecting agent, refused to accept 10¢ in payment for the two weeks' premiums due on the policy following March 25th. The jury also found that $50 was a reasonable attorney's fee for plaintiff's counsel in prosecuting the suit, and the record otherwise disclosed that payment of the two weeks' overdue premiums was also tendered at appellee's office on April 24, 1940, the same day insured was fatally wounded. Each party moved for judgment on the findings of the jury and the facts otherwise appearing; the court sustained appellee's motion, rendered judgment in its favor, that appellants take nothing, from which this appeal was prosecuted.

The decision turns on whether or not the policy had lapsed prior to the tender of the two weeks' overdue premiums, which, as disclosed by the record, was made on both April 23 and April 24, 1940. If the

policy had not lapsed prior to that time, appellee should have accepted the premiums when tendered, hence could not have declared the policy forfeited. The doctrine is announced in 24 Tex.Jur., p. 869, § 144, that: "An insurer may not refuse to accept premiums or assessments when seasonably and lawfully rendered, and subsequently declare a forfeiture for nonpayment thereof." See Sovereign Camp v. Davis. Tex.Civ.App., 268 S.W. 523. It follows that, if the tender of payment of the two weeks' overdue premiums was made within the grace period allowed by statute, the case comes clearly within the doctrine just announced.

■ The statute (Art. 4732, Subd. 2) provides "For a grace of at least one month for the payment of every premium after the first, which may be subject to an interest charge, during which month the insurance shall continue in force, * * *." The rule for computing a month as used in statutes or contracts was stated by Judge Roberts in the early case of Campbell v. Lane, 25 Tex.Supp. 93, 94, 96, as follows: "When a bill is drawn, payable so many months after date, the computation is made by the calendar, and (without counting the days of grace) the bill will become due on the day of the month corresponding with the day of the date; that is, if it be dated on the 10th day of the month, it will become due on the 10th." Also, in 62 C.J., p. 970, § 18, the rule is stated that: "Where 'month,' as employed in a statute, judicial proceeding, or contract, means calendar month, a period of a month or months is to be computed not by counting days, but by looking at the calendar, and it runs from a given day in one month to a day of the corresponding number in the next or specified succeeding month" and the same doctrine is announced in 24 Tex.Jur., § 141, p. 868, as follows: "The running of the thirty-day period of grace for the payment of an annual premium commences on the anniversary of the date upon which the policy became effective."

■ As heretofore shown, the premium paid April 9, 1940, was for the week of March 18 to 25; so, applying the rule just announced to the facts of the instant case, the conclusion is inescapable that the grace period extended to April 25, hence, under the terms of the statute, the insurance was alive and in force on April 23 and April 24, when the tenders of payment of the two weeks' overdue premiums were made. It follows, therefore, that appellee was not justified in refusing to accept the premiums tendered and in declaring the policy forfeited for the nonpayment of the premium. However, appellee insists that the grace period of four weeks provided in the policy complied with the statute, and was controlling; that the four weeks' period beginning March 25, 1940, expired on April 22, the day before the overdue premiums were tendered, hence the policy lapsed on April 22. The grace period provision of the policy, in our opinion, was void because in contravention of the statute. In Southland Life Ins. Co. v. Hopkins, Tex.Civ.App., 219 S.W. 254, it was held that an insurer cannot declare a forfeiture until thirty days from default in the payment of the premium, and in Sovereign Camp ·v. Piper, Tex.Civ.App., 222 S.W. 649, 651, the San Antonio Court of Civil Appeals, speaking through Chief Justice Fly, used the following pertinent language: "No corporation can, by a provision in its regulations, set aside a law of Texas, and make rules of evidence to suit its own ends and desires. No such preposterous and dangerous authority has ever been granted to a corporation in Texas, or tolerated by its courts, and when beneficiaries are compelled to sue a fraternal association in order to obtain insurance due them they cannot be met by rules of evidence formulated by such association which practically repeal rules made by a Legislature of Texas."

So, we overrule appellee's contention, and in consonance with our view of the case, the judgment of the court below is reversed and judgment is here rendered in favor of appellants, that they have and recover of and from the appellee, $171.18, as follows: $104, face of the policy; $4.70, interest thereon; $12.48, 12% penalty, and $50 attorney fee, and all costs, the judgment to bear interest at the rate of 6% per annum from April 1, 1941, the date the court below, in our opinion, should have rendered such judgment.

Reversed and rendered.