Louis PITCOCK, Appellant,

v.

Hammond B. JOHNS, Appellee.

No. 10675.

Court of Civil Appeals of Texas.

Austin.

July 1, 1959.

Rehearing Denied Aug. 5, 1959.

J. G. Harrell, Breckenridge, for appellant.

Kelso, Locke & King, Stuart G. Johnston, Jr., San Antonio, for appellee.

HUGHES, Justice.

Appellee, Hammond B. Johns, sued Byron Haynes for debt and Haynes and appellant Louis Pitcock for foreclosure of a lien allegedly created under Arts. 5473–5479, Vernon's Annotated Civil Statutes, against an oil and gas lease insofar as it covered a described 6.198 acres of land in Caldwell County and three oil wells located thereon.

A nonjury trial resulted in judgment for appellee establishing his debt against Haynes in the sum of $2,944.41, for $500 attorneys' fees, interest, costs of suit and foreclosing his lien on the property above mentioned as against both Haynes and appellant.

Haynes and appellee Johns had contracted with one Irving Shefts, who at such time owned the working interest in the oil lease involved, for the drilling and operation of the three oil wells on the lease. Under this contract Haynes and appellee became indebted to Shefts in the sum of $5,888.83, and on August 29, 1957, Shefts filed a statement of his account in the office of the County Clerk of Caldwell County for the purpose of fixing a lien on the three oil wells and lease under Arts. 5473–5479 supra.

Thereafter, on June 4, 1958, Shefts transferred his claim and all liens securing it to appellee Johns.

On August 5, 1958, the Sheriff of Caldwell County executed a sheriff's deed to appellant Pitcock which purported to convey the interest of Haynes in the three oil wells and lease.

The question presented is as to the validity of the lien foreclosed by the court against Haynes and appellant. The answer to this question depends upon the timeliness of Sheft's filing his account with the County Clerk on August 29, 1957.

Art. 5476b, V.A.C.S., provides, in part, that "When material or services are furnished, the indebtedness should be deemed to have accrued at the date of the last delivery of such material or services."

Appellee, in his brief, states that by virtue of the above statute "the indebtedness of Haynes to Shefts accrued at the date of the last delivery of the material or services for the subject oil and gas mining leasehold estate and this date was midnight of the last day of February, [28th] 1957."

Article 5476a, V.A.C.S., provides, in part, that a person desiring to fix a lien under

these statutes shall "within six (6) months after the indebtedness accrues" file a verified statement of his account with the County Clerk of the County in which the property upon which a lien is sought to be fixed is located.

The sole question presented and to be decided by us is whether the filing by Shefts of his account with the County Clerk on August 29, 1957, was within six months after such account accrued.

Appellee submits that the correct way of computing the time in which Shefts had to file his account with the County Clerk is as follows:

"(1) Exclude the first day. The first day in this case is the last day of February, 1957, since services were rendered up to midnight of such last day of February, 1957.

"(2) Compute six (6) months, after so excluding the last day of February, 1957, and thus in computing such 6 months commence with the first day of March, 1957.

"(3) A month is defined by Article 23, Revised Civil Statutes of the State of Texas, to be a calendar month.

"(4) In the case of Gardner et al. **v.** Universal Life & Accident Ins. Co. [Tex.Civ.App.], 164 S.W.2d 582, Writ of Error dismissed, it is held that a calendar month is computed by looking at the calendar and it runs from a given day in one month to a corresponding number in the next or specified succeeding month.

"(5) Looking at the calendar in this case, the 6 months ran from the first day of March, 1957, to the first day of September, 1957."

■ The established rule in this state and in most of the other states is that when time is to be computed from or after a certain day or date, the designated day is to be excluded and the last day of the period is to be included. Home Ins. Co., New York v. Rose, 152 Tex. 222, 255 S.W.2d 861. See also Rule 4, Texas Rules of Civil Procedure.

A month means a calendar month. Sec. 15, Art. 23, V.A.C.S.

Six months from February 28, 1957 would, then, be six calendar months from such date. Under the rule, above stated, the first day, February 28, would be excluded in computing the six months period within which Shefts had to file his account.

February 28, 1957, fell on Thursday and was the last day of the month. August 29, 1957, fell on Thursday and so far as we are informed was not a legal holiday.

■ Under these facts we hold that a period of time "within six (6) months after" February 28, 1957, expired on August 28, 1957.

In Gardner v. Universal Life & Accident Ins. Co., Tex.Civ.App. Dallas, 164 S.W.2d 582, 583, writ dismissed, the court in calculating a grace period of one month stated:

"The rule for computing a month as used in statutes or contracts was stated by Judge Roberts in the early case of Campbell v. Lane, 25 Tex.Supp. 93, 94, 96, as follows: 'When a bill is drawn, payable so many months after date, the computation is made by the calendar, and (without counting the days of grace) the bill will become due on the day of the month corresponding with the day of the date; that is, if it be dated on the 10th day of the month, it will become due on the 10th.' Also, in 62 C.J., p. 970, Sec. 18, the rule is stated that: 'Where "month," as employed in a statute, judicial proceeding, or contract, means calendar month, a period of a month or months is to be computed not by counting days, but by looking at the calendar, and it runs from a given day in one month to a day of the corresponding number in the next or specified succeeding month' * * *"

From McKinney v. State, 43 Tex.Cr.R. 387, 66 S.W. 769, 770, we quote:

"A month, as used in the civil statute, is a calendar month, and is determined arbitrarily by the number of days that the calendar gives to each particular month; that is, thirty-one days for January; twenty-eight for February, except leap year, etc. In civil contracts, in estimating what is a calendar month, the authorities are almost unanimous in holding that it is to be counted from the particular day when it begins to the corresponding day in the month in which the time expires; that is, if it begins on the 5th of January, it would end on the 5th of February, although thirty-one days would elapse. If it begins on the 5th of February, it would end on the 5th of March, although but twenty-eight days have elapsed, leap year being excepted. Or if it begins on the 5th of February during leap year, it would end on the 5th of March, although twenty-nine days elapse. If it begins on the 5th of June, it would end on the 5th of July, although thirty days had elapsed. In estimating a calendar month on civil contracts, if the month in which the period ends has not the corresponding day of the month when the period began, the time expires with the end of the month; that is, if it began on the 31st day of January, there being no 31st day of February, it would end on the last day of February,— either the 28th or 29th, according to whether or not it was leap year. McGinn v. State, 46 Neb. 427, 65 N.W. 46, 30 L.R.A. [450], 452, 50 Am.St.Rep. 617, and authorities there cited." See also 86 C.J.S. Time § 10, p. 838.

In computing years our courts apply the same rules. Hence four years from September 26, 1945 expires on but includes September 26, 1949. Seibert v. Sally, Tex. Civ.App., Galveston, 238 S.W.2d 266.

Appellee argues that it is unjust and illogical to apply the rule last discussed in this case because it was impossible for Shefts to have filed his account on February 28, 1957. This is factually correct because the services furnished by Shefts continued through the entire day of February 28. To make this exception creates confusion in a rule that is plain and simple and has withstood the test of time. Besides appellee attributes to the Legislature an intent to allow a claimant the privilege, in all events, of filing his account on the day on which it accrues. The statute expresses no such intent. In ordinary business affairs it would usually be impractical to perform services or furnish material and prepare and file the account with the Clerk all the same day.

Appellee also says:

"Another reason why the judgment of the trial court in this case is correct is that reason and logic dictate that when the date on which the last material is furnished or the last services are rendered falls on the last day of a particular month the claimant has through the sixth succeeding month thereafter in which to file his statement of such claim; otherwise it is obvious that by looking at the calendar he is being deprived of the six full calendar months to which by law he is entitled."

This, too, would create confusion in a rule that has been plain and simple for a long time. If we adopted the rule suggested by appellee and were called on to construe a contract to be completed in one month from January 28, 1957, with an option of an additional month from the end of the first month this would be the result: Under the conventional rule the first month would end February 28 (31 days) and (under appellee's rule) the second month would end March 31st (31 days). Thus two months from January 28 would be 62 days.

This period includes the whole calendar months of February (28 days) and March (31 days), a total of 59 days. Thus the two months in the illustration would contain two full calendar months plus 3 days, a re-

sult we decline to initiate. We prefer to trod the beaten path.

The judgment of the Trial Court is reformed so as to deny appellee foreclosure of any lien and as reformed such judgment is affirmed

Reformed and affirmed.