**Catherine Jean FISHER and Gregory Neal Fisher, Appellants,**

v.

**WESTMONT HOSPITALITY d/b/a Lake Jackson Inn, Appellee.**

No. 14–96–00054–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Dec. 5, 1996.

Leonard A. Cruse, League City, for appellants.

Matthew W. Childs, Houston, for appellee.

Before LEE, AMIDEI and EDELMAN, JJ.

## OPINION

AMIDEI, Justice.

This is an appeal from a summary judgment granted in favor of Westmont Hospitality d/b/a Lake Jackson Inn based on the statute of limitations. We affirm.

On February 6, 1993, Catherine Jean Fisher was attending a beauty pageant held on premises owned by Westmont Hospitality d/b/a Lake Jackson Inn, appellee. When she exited the premises through an unlocked door, she slipped and fell "on badly worn outdoor carpet that was wet." On February 7, 1995, Catherine Jean Fisher and Gregory Neal Fisher, appellants, filed suit against appellee to recover damages for injuries Mrs. Fisher received when she fell.

In response to the allegations by appellants, appellee filed an answer in which it contended, among other things, that the suit was barred by the two-year statute of limitations. Subsequently, appellee moved for summary judgment based on the statute of limitations. The trial court granted the motion, and appellants have brought this appeal.

In reviewing a summary judgment, the question is whether the summary judgment proof establishes, as a matter of law, that there is no genuine issue of material fact as to one or more of the essential elements of the plaintiff's cause of action. *Gibbs v. General Motors Corp.*, 450 S.W.2d 827, 828 (Tex. 1970). The movant has the burden to show there is no genuine issue of material fact, and that it is entitled to judgment as a matter of law. *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548–49 (Tex.1985). Evidence favorable to the non-movant will be taken as true in deciding whether there is a disputed fact issue precluding summary judgment. *Id.* Every reasonable inference must be indulged in favor of the non-movant and any doubts resolved in its favor. *Montgomery v. Kennedy*, 669 S.W.2d 309, 310–11 (Tex.1984). Once the defendant produces sufficient evidence to establish the right to a summary judgment, the plaintiff must set forth sufficient evidence to give rise to a fact issue to avoid a summary judgment. *Jampole v. Matthews*, 857 S.W.2d 57, 60 (Tex. App.—Houston [1st Dist.] 1993, writ denied) (citing *"Moore" Burger, Inc. v. Phillips Petroleum Co.*, 492 S.W.2d 934, 936–37 (Tex. 1972)).

If a defendant moves for summary judgment based on an affirmative defense, such as the statute of limitations, the defendant's burden is to prove conclusively all the elements of the defense as a matter of law. *See Montgomery*, 669 S.W.2d at 310–11. Unless the movant conclusively establishes the affirmative defense, the non-movant plaintiff has no burden to respond to a motion for summary judgment filed on the basis of an affirmative defense. *Jampole*, 857 S.W.2d at 60 (citing *Torres v. Western Casualty & Sur. Co.*, 457 S.W.2d 50, 52 (Tex.1970)).

In three points of error, appellants claim the trial court erred in granting summary judgment in favor of appellee arguing that her claim was filed within the two-year limitation period contained in section 16.003 of the Texas Civil Practice and Remedies Code. *See* TEX.CIV.PRAC. & REM.CODE ANN. § 16.003(a) (Vernon Supp.1996).

As we stated above, Mrs. Fisher fell and suffered injury on February 6, 1993, but did not file suit until February 7, 1995. Appellee claims the petition had to be filed by February 6, 1995 under section 16.003(a) which states that a party must bring a personal injury suit not later than two years after the day the cause of action accrues. *See* TEX.CIV. PRAC. & REM.CODE ANN. § 16.003(a) (Vernon Supp.1996). Appellee contends the suit was filed one day late, and therefore barred by the statute of limitations. Appellants argue that the suit did not have to be filed until February 7, 1995.

The issue in this appeal is what is the proper method for computing the two-year time limit imposed by section 16.003(a).

Both parties agree that rule 4 of the Texas Rules of Civil Procedure applies, and thus, the day of the incident is not counted. *See* TEX.R.CIV.P. 4 (stating that in computing any time period prescribed by any applicable statute, the day of the event after which the period of time begins to run is not included). However, the parties disagree as the proper method of computation. Appellant argues that in determining the last day for filing this suit, the proper method for calculation is that expressed in *Hughes v. Autry*, 874 S.W.2d 887 (Tex.App.—Austin 1994, no writ).

In *Hughes*, the plaintiff suffered injuries when he was a passenger in a car involved in a head-on collision with another vehicle driven by Holveck. 874 S.W.2d at 888. The Holveck vehicle was insured under a policy issued by National County Mutual Fire Insurance Company. *Id.* In May of 1989, National was placed in receivership and Durish was appointed receiver. *Id.* Hughes filed a proof of claim with Durish in the amount of $30,000. *Id.* On November 13, 1990, Hughes received notice that the receiver had rejected the claim in part. *Id.* On February 14, 1991, Hughes filed suit for damages alleging the receiver negligently evaluated his claim and failed and refused to pay the claim in good faith. *Id.*

In response to the claim, the receiver filed a motion for summary judgment based on the three month limitation period contained in article 21.28, section 3(h) of the Texas Insurance Code. *Id.* Under that section, action on a rejected claim must be brought within three months after service of notice. TEX.INS.CODE ANN. art. 21.28, § 3(h) (Vernon Supp.1996). The trial court granted the receiver's motion and Hughes appealed. *Id.*

On appeal, the court of appeals held that Hughes had timely filed his suit. *Id.* at 890. The court found Hughes had received his rejection notice on November 13, 1990. *Id.* Applying rule 4 of the Texas Rules of Civil Procedure, the court held that the limitation period ran from November 14, 1990, the day after Hughes received the notice. *Id.* Then

applying the definition of "month" in the Texas Government Code, the court found that Hughes had until February 14, 1991 to file his suit. *Id.* (citing TEX.GOV'T CODE ANN. § 312.011(7) (Vernon 1988)). In effect, the court looked at the calendar and held that the three-month period ran from November 14, 1990, the day after notice was received, to the corresponding date three months later, February 14, 1991. *See id.* *See also Gardner v. Universal Life & Accident Ins. Co.*, 164 S.W.2d 582, 583 (Tex.Civ.App.—Dallas 1942, writ dism'd) (holding that a "month" is not computed by counting days but by looking at the calendar, and it runs from a given day in one month to the same day in the next or specified succeeding month).

Noting that the Texas Government Code defines a year as a calendar year, just as it defines a month as a calendar month, appellants point to the court's decision in *Hughes* to support their claim that their suit was timely filed. Appellants argue that two calendar years from February 7, 1993, the day after the event, is February 7, 1995. Thus, they contend, their suit was timely filed. While we agree that *Hughes* supports the position taken by appellants, *Hughes* is contrary to the rule adopted by the supreme court and numerous courts of appeals. Thus, we properly decline to follow it.

While we agree that rule 4 applies, and that a year is defined as a calendar year, we disagree with the application of these rules used by the court in *Hughes* and relied on by appellants. Our interpretation is supported by the court's opinion in *Pitcock v. Johns*, 326 S.W.2d 563 (Tex.Civ.App.—Austin 1959, writ ref'd).[1]

In *Pitcock*, Haynes and Johns contracted with Shefts, owner of a working interest in an oil lease, for the drilling and operation of three oil wells on the lease. 326 S.W.2d at 564. As a result of the contract, Haynes and Johns became indebted to Shefts for $5,888.83. *Id.* On August 29, 1957, Shefts filed a statement of his account with the county clerk to fix a lien on the oil wells and

---

1. The Texas Supreme Court's refusal of writ of error in *Pitcock* manifested its approval of the judgment and principles of law declared in the opinion. *See Hamilton v. Empire Gas & Fuel Co.*, 134 Tex. 377, 110 S.W.2d 561, 565–66 (1937). Since June 14, 1927 a decision by a court of appeals in which the supreme court refuses a writ of error is as binding as a decision of the supreme court itself. *Ohler v. Trinity Portland Cement Co.*, 181 S.W.2d 120, 123 (Tex. Civ.App.—Galveston 1944, no writ).

the lease pursuant to the statute setting out the procedures for establishing a lien. *Id.* On June 4, 1958, Shefts transferred his claim and all liens to Johns. *Id.* Johns sued Haynes for recovery of the debt and foreclosure of the lien against the oil and gas lease. *Id.* After a non-jury trial, the trial court entered judgment for the plaintiff. *Id.*

On appeal, the issue was whether Shefts had timely filed his lien under the statute that required a person desiring to establish a lien to file a verified statement of his account with the county clerk within six months after the indebtedness accrues. *Id.* at 564–65. According to the parties, the debt accrued on February 28, 1957, because this was the last day services were rendered. *Id.* at 565. Shefts filed his verified statement of account with the county clerk on August 29, 1957. *Id.* at 563. Johns argued that Shefts statement was timely because if the day of the day the debt accrued, February 28, 1957, is excluded, the six-month period would expire September 1, 1957. *Id.* at 565. In other words, Johns contended that the six-month period was computed by looking at the calendar to the day after the event and finding the corresponding date six months later. *Id.* This is exactly the same argument appellants are making in the case before us.

The court in *Pitcock* disagreed with Johns' method of computation and held "that a period of time 'within six months after' February 28, 1957, expired on August 28, 1957." *Id.* The court explained its holding as follows:

A month, as used in the civil statute, is a calendar month, and is determined arbitrarily by the number of days that the calendar gives to each particular month; that is thirty-one days for January; twenty-eight for February, except for leap year, etc. ... [I]n estimating what is a calendar month, the authorities are almost unanimous in holding that *it is to be counted from the particular day when it begins to the corresponding day in the month in which the time expires;* that is, if it begins on the 5th of January, it would end on the 5th of February, although thirty-one days would elapse. If it begins on the 5th of February, it would end on the 5th of March, although but twenty-eight days have elapsed, leap year being excepted. Or if it begins on the 5th of February

during leap year, it would end on the 5th of March, although twenty-nine days elapse. If it begins on the 5th of June, it would end on the 5th of July, although thirty days had elapsed. In estimating a calendar month ... if the month in which the period ends has not the corresponding day of the month when the period began, the time expires with the end of the month; that is, if it began on the 31st day of January, there being no 31st day of February, it would end on the last day of February,—either the 28th or 29th, according to whether or not it was leap year. [citations omitted]

*Id.* at 566 (quoting *McKinney v. State,* 43 Tex.Cr.R. 387, 66 S.W. 769, 770 (1902)) (emphasis added).

By applying rule 4 and using a "calendar month" to compute the time period, the courts are engaging in a legal fiction in which each month is thirty days, regardless of the true number of days in the month. Thus, for example, if a plaintiff's cause of action accrues on January 2nd, and there is a one-month statute of limitations, the statute of limitations expires on February 2nd. Rule 4 states that the day of the event is not counted. Thus, beginning with January third and counting thirty days, the date reached is February 2nd, and thus, the statute of limitations has expired on that day. Thus, under *Pitcock,* a calendar month runs from the date of the event, i.e., the day the cause of action accrues, to the same date in the next or succeeding month, depending upon the length of the limitations period.

The same rule applies in computing statutes of limitations based on years. *Id.* at 566. For example in *Ellis v. Heidrick,* 154 S.W.2d 293, 294 (Tex.Civ.App.—San Antonio 1941, writ ref'd w.o.m.), Heidrick, the defendant, claimed Ellis' claim for conversion was barred by the two-year statute of limitations. The conversion occurred on September 4, 1935, the date Heidrick wrongfully sold Ellis' car. *Id.* Ellis filed suit on September 4, 1937. *Id.* The court held that the day on which the cause of action accrued being excluded, the limitation period of two years commenced on September 5, 1935, and expired on and with September 4, 1937. *Id.* Because Ellis filed suit on September 4th, he avoided the statute by one day. *Id.* The

court, using the measure of a calendar year, began with the date upon which the event occurred and then looked at the calendar to find the same date, two years later to determine the expiration of the statute of limitations. This rule has been recognized in numerous other cases. *See, e.g., Seibert v. General Motors Corp.,* 853 S.W.2d 773, 777 (Tex.App.—Houston [14th Dist.] 1993, no writ) (when accident occurred on May 29, 1976, two-year limitations period expired on May 29, 1978); *Cortinas v. Wilson,* 851 S.W.2d 324, 326 (Tex.App.—Dallas 1993, no writ) (when accident occurred on June 17, 1989, two-year limitations period expired on June 17, 1991); *Seibert v. Sally,* 238 S.W.2d 266, 267 (Tex.Civ.App.—Galveston 1951, no writ) (when note was dated September 26, 1945, four-year limitations period expired September 26, 1949).

The position propounded by appellants in this case has been rejected by the supreme court in its refusal of writ in *Pitcock,* and is contrary to the majority position of the intermediate appellate courts. We hold the trial court correctly granted summary judgment in favor of appellee and affirm the judgment.