# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-01-00501-CV

**Margarita Herrera, Appellant**

**v.**

**R. R. & F., Inc., Appellee**

### FROM THE COUNTY COURT AT LAW NO. 2 OF TRAVIS COUNTY
### NO. 239,211, HONORABLE J. DAVID PHILLIPS, JUDGE PRESIDING

Margarita Herrera appeals a summary judgment dismissing her personal injury claims against R. R. & F., Inc. In two issues, Herrera contends that the trial court erred in (i) granting summary judgment on grounds that her original claims were time-barred and (ii) striking her affidavit without first giving her an opportunity to amend it. We affirm the trial court's judgment.

## BACKGROUND

On January 19, 1996, Herrera injured her back while working in a store owned by R. R. & F. On January 20, 1998, Herrera filed suit against R. R. & F. for negligence, alleging that the incident took place "on or about January 19, 1996." R. R. & F. filed a motion for summary judgment, contending that Herrera's cause of action was barred by the statute of limitations. Herrera filed a response arguing that her claim was not time-barred because she continued working from January 19, the date of the initial injury, until January 26. In support of this claim, Herrera attached to her response an affidavit alleging that each day she worked after January 19 she "re-injure[d]"

herself; however, the affidavit did not contain a jurat. Herrera also filed an amended petition alleging that the injurious incidents occurred "on or about January 19, 1996 and after and at least through January 26, 1996." R. R. & F. did not seek a hearing on this motion for summary judgment.

After discovery, R. R. & F. filed a second motion for summary judgment, again alleging that, based on the date the original petition was filed and on Herrera's deposition testimony and answers to interrogatories, Herrera's claims were time-barred. Herrera, represented by new counsel, filed a response, attaching to it the identical affidavit that she had attached to her first response. The day before the summary judgment hearing, R. R. & F. filed objections to Herrera's affidavit on the grounds that the affidavit (i) contained hearsay, conclusory statements, and contradictions, and (ii) did not contain a jurat. The certificate of service stated that R. R. & F. served a copy of the objections by facsimile to Herrera on the same day; the parties agree that Herrera did not receive a copy of the objections until the day of the hearing.

At the hearing, the trial court (i) struck Herrera's entire affidavit because it was not sworn and did not contain a proper jurat and (ii) rendered a general order granting R. R. & F.'s motion for summary judgment. Herrera filed a motion for new trial, attaching an amended affidavit with a proper jurat. The motion for new trial was overruled by operation of law.

## STANDARD OF REVIEW

In reviewing a summary judgment in which the trial court does not state the basis for its decision in its order, we review each ground asserted in the motion and affirm the trial court's judgment if any of the grounds are meritorious. *See Star-Telegram, Inc. v. Doe*, 915 S.W.2d 471, 473 (Tex. 1995). Summary judgment is proper only if the movant establishes that there are no genuine issues of material fact and that it is entitled to judgment as a matter of law. *See City of*

2

*Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex. 1979). On appeal from a summary judgment, we take the evidence favorable to the non-movant as true and indulge every reasonable inference in favor of the non-movant. *See, e.g.*, *KPMG Peat Marwick v. Harrison County Hous. Fin. Corp.*, 988 S.W.2d 746, 748 (Tex. 1999); *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548-49 (Tex. 1985). A defendant moving for summary judgment on a statute of limitations affirmative defense must prove conclusively the elements of that defense. *Velsicol Chem. Corp. v. Winograd*, 956 S.W.2d 529, 530 (Tex. 1997). Because the propriety of a summary judgment is a question of law, we review the trial court's decision *de novo*. *See Natividad v. Alexsis, Inc.*, 875 S.W.2d 695, 699 (Tex. 1994).

**DISCUSSION**

In her first issue, Herrera argues that the trial court erred in granting R. R. & F.'s motion for summary judgment on the grounds that her claims were time-barred. Herrera contends that the phrase "*on or about* January 19, 1996" sufficiently identifies a recurring injury beginning on January 19 and ending on January 26, 1996. (Emphasis added.) Because Herrera did not raise this issue in her response to R. R. & F.'s motion for summary judgment, she did not preserve this issue for appeal. *See* Tex. R. App. P. 33.1; *Travis v. City of Mesquite*, 830 S.W.2d 94, 100 (Tex. 1992) (citing *Clear Creek*, 589 S.W.2d at 675-77).

Even if properly preserved, this argument is without merit. Actions for personal injuries must be brought within two years of the injury. Tex. Civ. Prac. & Rem. Code Ann. § 16.003(a) (West Supp. 2002); *see also Fisher v. Westmount Hospitality*, 935 S.W.2d 222, 223 (Tex. App.—Houston [14th Dist.] 1996, no writ) (for incident occurring on February 6, 1993, two-year limitation period expired on February 6, 1995). To prevail on its motion for summary judgment

3

based on the affirmative defense of limitations, R. R. & F. had to conclusively establish when Herrera's cause of action accrued and that the statute of limitations barred her claim. *See KPMG Peat Marwick*, 988 S.W.2d at 748. Once R. R. & F. established that date, Herrera was then required to raise a fact issue about when the cause of action accrued.

Herrera argued below that her first amended petition, alleging that the incidents occurred over a range of dates, related back to the original petition and therefore defeated R. R. & F.'s limitations defense. *See* Tex. Civ. Prac. & Rem. Code Ann. § 16.068 (West 1997). To relate back, (i) the original cause of action asserted in the first pleading must not have been time-barred, as measured by the date when the first pleading was filed, and (ii) new facts or grounds of liability asserted in the amended petition must not be based on a wholly new occurrence. *Id.*; *see Cooke v. Maxam Tool & Supply, Inc.*, 854 S.W.2d 136, 141 (Tex. App.—Houston [14th Dist.] 1993, writ denied). The first element requires a determination as to when the cause of action accrued, which is a question of law for the court. *See Moreno v. Sterling Drug, Inc.*, 787 S.W.2d 348, 351 (Tex. 1990). A "cause of action accrues when a wrongful act causes some legal injury, even if the fact of injury is not discovered until later, and even if all resulting damages have not yet occurred." *S.V. v. R.V.*, 933 S.W.2d 1, 4 (Tex. 1996). Based on Herrera's answers to interrogatories and deposition questions, R. R. & F. affirmatively established Herrera's injury happened on January 19, 1996, and therefore her cause of action accrued on January 19, 1996.

Relying on *Grand Prairie Independent School District v. Vaughan*, Herrera asserts that because her injury was a continuing tort, with a new injury occurring each day she returned to work after January 19 and until January 26, 1996, the "on or about" language in her original petition provides her a variance of a few days in which to file her petition. *See* 792 S.W.2d 944, 945 (Tex.

4

1990) ("The term 'on or about' means a date of approximate certainty, with a possible variance of a few days."). Therefore, asserts Herrera, her petition was timely filed on January 20, 1998. This assertion, standing alone, is not enough to withstand summary judgment.

A continuing tort is inflicted over a period of time, involves repeated, wrongful conduct, and each day creates a separate cause of action. *Dickson Constr., Inc. v. Fidelity & Deposit Co.*, 960 S.W.2d 845, 851 (Tex. App.—Texarkana 1997, no pet.); *Twyman v. Twyman*, 790 S.W.2d 819, 821 (Tex. App.—Austin 1990), *rev'd on other grounds*, 855 S.W.2d 619 (Tex. 1993). It involves both continuing wrongful conduct and continuing injury. *Dickson Constr.*, 960 S.W.2d at 851; *Upjohn Co. v. Freeman*, 885 S.W.2d 538, 542 (Tex. App.—Dallas 1994, writ denied). It was incumbent on Herrera to produce some competent summary judgment evidence to show that her injury did not occur only on January 19, 1996. However, in answering questions posed in interrogatories and during her deposition, Herrera admitted that only a single injury occurred, that being on January 19, 1996. There is no summary judgment evidence showing that her return to work created a new injury. Instead, she asserts that her return to work aggravated her *original* injury. Aggravation of an injury is not a continuing tort. *Dickson Constr.*, 960 S.W.2d at 851 (citing *Upjohn*, 885 S.W.2d at 543) ("a single, distinct injury despite continued availment to the tort . . . does not constitute a continuing tort"). A limitations period begins to run when a wrongful act causes some damage to a plaintiff; damage continuing from that same act does not toll the limitations period. *See Murray v. San Jacinto Agency, Inc.*, 800 S.W.2d 826, 828 (Tex. 1990) (citing *Atkins v. Crosland*, 417 S.W.2d 150, 153 (Tex. 1967)); *Dickson Constr.*, 960 S.W.2d at 851. Because Herrera's cause of action accrued as a matter of law on January 19, 1996, her original petition was time-barred when filed on January 20, 1998. We overrule Herrera's first issue.

5

In her second issue, Herrera contends that the trial court erred in striking her affidavit without giving her the opportunity to amend it. R. R. & F. responds that, because Herrera did not request an opportunity to amend the affidavit or a continuance until after the trial court entered judgment, Herrera waived any amendment argument. "Defects in the form of affidavits . . . will not be grounds for reversal unless specifically pointed out by objection by an opposing party with opportunity, but refusal, to amend." Tex. R. Civ. P. 166a(f). To appeal, the party seeking to amend an affidavit must bring the matter to the court's attention. *See* Tex. R. App. P. 33. Nothing in the record shows that, prior to the district court's judgment, Herrera responded to R. R. & F.'s motion to strike, sought an opportunity to amend, or requested a continuance.[1] Therefore, Herrera waived this issue for appeal. *See id.*; *Travis*, 830 S.W.2d at 100; *see also Bell v. Moores*, 832 S.W.2d 749, 756 (Tex. App.—Houston [14th Dist.] 1992, writ denied) (no error in striking affidavits where party failed to request opportunity to amend); *Brooks v. Sherry Lane Nat'l Bank*, 788 S.W.2d 874, 878 (Tex. App.—Dallas 1990, no writ) (party waived error by not objecting to motion to strike).

Even if error were preserved, we hold the district court did not commit reversible error by refusing Herrera an opportunity to amend her affidavit. A trial court's decision to refuse to consider untimely filed proof opposing a summary judgment motion is reviewed under an abuse of discretion standard. *See City of Brownsville v. Alvarado*, 897 S.W.2d 750, 753 (Tex. 1995). To prevail on her argument, Herrera must show that (i) the district court erred in sustaining R. R. & F.'s objection and (ii) her stricken affidavit would have raised a fact issue. *Id.* To successfully challenge

---

[1] Herrera first sought to amend her affidavit upon filing the motion for new trial, the denial of which she does not challenge on appeal. Herrera attached to her motion for new trial an amended affidavit which includes a jurat but otherwise is essentially identical to the affidavits filed in response to R. R. & F.'s motions for summary judgment.

an evidentiary ruling, the complaining party usually must show that the judgment, viewed in light of the entire record, turns on the evidence in question. *Id.* at 753-54. In an apparent attempt to raise a fact issue, Herrera's affidavit simply avers that she "re-injure[d]" herself between January 19 and 26 after complaining to her supervisor on January 19. This, taken with her answers to interrogatories and deposition testimony in which she states that the incident occurred on January 19 and that her back continued to hurt after that date, indicates at most that she may have aggravated her back injury by returning to work. *See Dickson Constr.*, 960 S.W.2d at 851. We cannot say that, based on the entire record, the district court abused its discretion in striking her affidavit. We overrule Herrera's second issue.

## CONCLUSION

Having concluded that Herrera filed her petition after the statute of limitations period expired and that the trial court did not abuse its discretion in striking her affidavit, we overrule Herrera's two points of error and affirm the trial court's judgment.

<br>

Jan P. Patterson, Justice

Before Justices Kidd, Yeakel and Patterson

Affirmed

Filed: February 14, 2002

Do Not Publish