Esmat SALAHAT and May Lynn
Salahat, Appellants,

v.

Michael Lynn KINCAID, Appellee.

No. 2–05–399–CV.

Court of Appeals of Texas,
Fort Worth.

May 25, 2006.

Jerry C. Walker, Arlington, for Appellants.

Ekvall & Byrne, L.L.P., Brian Truncale and Grace E. Shin, Dallas, for Appellee.

PANEL B: LIVINGSTON, HOLMAN, and MCCOY, JJ.

## OPINION

TERRIE LIVINGSTON, Justice.

### I. Introduction

This is an appeal from a take-nothing summary judgment rendered against appellants Esmat and May Lynn Salahat in their personal injury suit against appellee Michael Lynn Kincaid. In their sole issue, appellants contend that the trial court erred by granting appellee's summary judgment motion because a genuine issue of material fact exists concerning whether

appellants' claim was time barred by the applicable statute of limitations. We affirm.

## II. Background Facts

On February 25, 2002, appellants and appellee were involved in an automobile collision. Appellants filed suit on February 26, 2004, asserting claims of negligence and negligence per se in connection with the collision. On July 27, 2005, appellee filed a motion for summary judgment alleging the affirmative defense of statute of limitations. The trial court granted appellee's motion and signed a take-nothing summary judgment in favor of appellee, which appellants appeal.

## III. Standard of Review

In a summary judgment case, the issue on appeal is whether the movant met the summary judgment burden by establishing that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law. Tex.R. Civ. P. 166a(c); *Sw. Elec. Power Co. v. Grant*, 73 S.W.3d 211, 215 (Tex.2002); *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex.1979). The burden of proof is on the movant, and all doubts about the existence of a genuine issue of material fact are resolved against the movant. *Sw. Elec. Power Co.*, 73 S.W.3d at 215.

■ When reviewing a summary judgment, we take as true all evidence favorable to the nonmovant, and we indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex.2005). Evidence that favors the movant's position will not be considered unless it is uncontroverted. *Great Am. Reserve Ins. Co. v. San Antonio Plumbing Supply Co.*, 391 S.W.2d 41, 47 (Tex.1965).

■ The summary judgment will be affirmed only if the record establishes that the movant has conclusively proved all essential elements of the movant's cause of action or defense as a matter of law. *Clear Creek Basin*, 589 S.W.2d at 678. A defendant is entitled to summary judgment on an affirmative defense if the defendant conclusively proves all the elements of the affirmative defense. *Rhone–Poulenc, Inc. v. Steel*, 997 S.W.2d 217, 223 (Tex.1999). To accomplish this, the defendant-movant must present summary judgment evidence that establishes each element of the affirmative defense as a matter of law. *Ryland Group, Inc. v. Hood*, 924 S.W.2d 120, 121 (Tex.1996). Questions of law are appropriate matters for summary judgment. *Rhone–Poulenc*, 997 S.W.2d at 222; *Westchester Fire Ins. Co. v. Admiral Ins. Co.*, 152 S.W.3d 172, 178 (Tex.App.-Fort Worth 2004, pet. filed) (op. on reh'g).

## IV. Analysis

■ In their sole issue, appellants contend that the trial court erred by determining that the limitations period expired on February 25, 2004 rather than February 26, 2004 and by granting summary judgment based on that determination. The civil practice and remedies code requires a person to "bring suit for . . . personal injury . . . not later than two years after the day the cause of action accrues." Tex. Civ. Prac. & Rem.Code Ann. § 16.003(a) (Vernon Supp.2005). Here, appellants do not dispute that their cause of action accrued on February 25, 2002; rather, they dispute the trial court's method of calculating the two-year period under section 16.003(a).

Under the Code Construction Act, a year is defined as twelve consecutive months. Tex. Gov't Code Ann. § 311.005(12) (Vernon 2005); *see also* Tex.

Civ. Prac. & Rem.Code Ann. § 1.002 (Vernon 2002) (providing that Code Construction Act applies to civil practice and remedies code). To calculate a period of months under a statute, "from a particular day, the period ends on the same numerical day in the concluding month as the day of the month from which the computation is begun." Tex. Gov't Code Ann. § 311.014(c). Thus, in accordance with the above, two years, or twenty-four months, from February 25, 2002 is February 25, 2004. This method of calculating limitations comports with the method used by a majority of courts addressing this issue. *See, e.g., Medina v. Lopez–Roman,* 49 S.W.3d 393, 397–99 (Tex.App.-Austin 2000, pet. denied); *Fisher v. Westmont Hospitality,* 935 S.W.2d 222, 225–26 (Tex.App.-Houston [14th Dist.] 1996, no writ); *Pitcock v. Johns,* 326 S.W.2d 563, 565 (Tex. Civ.App.-Austin 1959, writ ref'd);[1] *Segura v. Home Depot USA, Inc.,* No. 04–99–00876–CV, 2001 WL 387995, at *5 (Tex. App.-San Antonio Apr.18, 2001, no pet.) (not designated for publication).[2]

Appellants contend that Texas Rule of Civil Procedure 4 operates to extend the limitations period one day beyond the second anniversary of the date the cause of action accrued. Rule 4 provides that "[i]n computing any period of time prescribed or allowed by ... any applicable statute, the day of the act, event, or default after which the designated period of time begins

to run is not to be included." Tex.R. Civ. P. 4. In support of their argument, appellants cite *Hughes v. Autry,* 874 S.W.2d 887 (Tex.App.-Austin 1994, no writ). Appellants argue that we should apply rule 4 in the same way as the *Hughes* court, which would result in a reversal of the trial court's judgment. *See id.* at 890.

In that case, Hughes suffered severe personal injuries in an automobile accident. *See id.* at 888. He timely filed an insurance claim, but on November 13, 1990, he received notice that his claim had been partially rejected. *See id.* On February 14, 1991, Hughes filed suit against the insurance company's receiver, alleging negligent evaluation of his claim and failure to act in good faith in refusing the claim. *See id.* The trial court granted a take-nothing summary judgment against Hughes on the ground that Hughes's claim was time-barred pursuant to former article 21.28, section 3(h) of the Texas Insurance Code. *See id.*

Former article 21.28, section 3(h) provided that "[a]ction upon a [rejected insurance] claim ... must be brought ... within three (3) months after service of notice."[3] To compute the three-month period in *Hughes,* the court applied rule 4 to its construction of the limitations period. *See id.* at 890. It held that November 13, 1990, the date of Hughes's notice,

---

**1.** We note that by disposing of *Pitcock* with the designation "writ refused," the supreme court adopted the court of civil appeals's judgment and reasoning as its own. *See Hubenak v. San Jacinto Gas Transmission Co.,* 141 S.W.3d 172, 193 (Tex.2004) (Jefferson, J., concurring).

**2.** *See also Kirkpatrick v. Hurst,* 484 S.W.2d 587, 588–89 (Tex.1972) (calculating limitations period according to same method from date plaintiff reaches age of majority); *James v. Gruma Corp.,* 129 S.W.3d 755, 758 (Tex. App.-Fort Worth 2004, pet. denied) (noting,

without addressing method of calculation, that limitations on claim that accrued May 18, 1999 would presumably run on or about May 18, 2001); *Cortinas v. Wilson,* 851 S.W.2d 324, 326 (Tex.App.-Dallas 1993, no writ) (calculating limitations by same method but without addressing issue).

**3.** Act of June 1, 1987, 70th Leg., R.S., ch. 1073, § 33, sec. 3, 1987 Tex. Gen. Laws 3610, 3647, *repealed by* Act of May 30, 2005, 79th Leg., R.S., ch. 995, § 9, 1987 Tex. Gen. Laws 3307, 3362.

constituted the "day of the act" for rule 4 purposes, and as such, the statute of limitations did not begin to run until November 14. *See id.* Because Hughes filed suit on February 14, 1991, the court held that he did so within the time frame prescribed by former article 21.28, section 3(h). *See id.*

The method of calculating limitations in *Hughes* is contrary to the method used by the majority of Texas courts, including the supreme court. *See supra* pp. 343–44 & note 2. Moreover, although the Austin Court of Appeals has never expressly overruled *Hughes,* it rejected its method of calculating limitations in a more recent case. *See Medina,* 49 S.W.3d at 398–99. And *Pitcock,* which has the precedential value of a supreme court case, has never been overruled. 326 S.W.2d at 565. Appellants would have us apply rule 4 to allow them one day beyond the statutory limitations period to file their claim. This result is clearly contrary to the language in section 16.003. *See Segura,* 2001 WL 387995, at *5 (holding same and also explaining that method of computing a number of months from a particular day as set forth in section 311.014(c) already incorporates rule 4's requirement that the first day of a period is not counted but the last one is). We hold that the trial court did not err by determining that the limitations period expired on February 25, 2004.

Appellants also contend that because there is a "split of authority" among the courts on this issue, a fact issue exists precluding summary judgment. As we have explained above, there is no split of authority on this issue; *Hughes* appears to be an anomaly. Furthermore, there are no facts in dispute; the only issue is whether to apply rule 4 in calculating the expiration date of the limitations period. Resolution of this issue by summary judgment is proper. *See, e.g., Fisher,* 935 S.W.2d at 226.

We hold that the trial court did not err by granting summary judgment in favor of appellee. Thus, we overrule appellants' sole issue.

## V. Conclusion

Having overruled appellants' sole issue, we affirm the trial court's judgment.

McCOY, J. filed a concurring opinion.

BOB McCOY, Justice, concurring.

I concur with the opinion of the majority and write separately only to set forth examples that attempt to harmonize Texas Rule of Civil Procedure 4 and section 311.014 of the Code Construction Act. TEX.R. CIV. P. 4; TEX. GOV'T CODE ANN. § 311.014 (Vernon 2005). Suppose written discovery is received on December 31, which has a thirty-day response time. Under rule 4, December 31 is "day 0," January 1 is "day 1," and the response is due on the thirtieth day, January 30.[1] In contrast, if discovery is received on December 31 and must be completed within *one month,* December 31 is "day 0," January 1 is "day 1," and the party has until January 31 to act; thus, the party has the entire month of January—January 1 through 31—to act. Had the one-month triggering event occurred on January 1, then January 1 would be "day 0," January 2 would be "day 1," and the party would have until February 1 to act. Again, if there is a three-month period in which to act, and December 31 is "day 0," then January 1 is "day 1," and the party has the entire month of January, the entire month of

---

1. All of these examples assume, as in this case, that the final day to act is not a Saturday, Sunday, or holiday.

February, and the entire month of March, or until March 31, to act. The same is true if the period of time is one year or a multiple of one year; December 31 is "day 0," January 1 is "day 1," and the final day to act is the last day of December, or the following December 31.

Turning to our friend, Black's Law Dictionary, "computation" is cleverly defined as "[t]he act of computing." BLACK'S LAW DICTIONARY 261 (5th ed.1979). I believe that "computing" begins the day the event occurs prompting the computation, which according to rule 4, is "day 0." This affords a common sense understanding of the rule, the statute, and case law. The *Hughes* case, generously referred to as an "anomaly" by the majority, is erroneous in providing an extra day in which to act and would have, in our first example, not necessitated a one-month response until February 1. *Hughes v. Autry,* 874 S.W.2d 887 (Tex.App.-Austin 1994, no writ). Thus, it would have allowed the responding party the entire month of January plus the first day of February—clearly more than one month.

In this case, under the two-year statute of limitations, "day 0" for the Salahats was February 25, 2002; "day 1" was February 26, 2002; and the final day to act was two years later on February 25, 2002, which resulted in a full twenty-four months in which to act. Any other construction would have afforded two years and one day to act, contrary to the applicable statute of limitations. For these reasons, I respectfully concur in the result.