IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. PD-1907-05






ROBERT WILLIAM NESBIT, Appellant



v.



THE STATE OF TEXAS





ON STATE'S PETITION FOR DISCRETIONARY REVIEW


FROM THE FIFTH COURT OF APPEALS


DALLAS COUNTY





 Keller, P.J., filed a concurring opinion.


 The question in this case is governed by statute, so we should consult the applicable rules of
statutory construction. When construing a statute, we give effect to the plain meaning of its language unless
the language is ambiguous or the plain meaning leads to absurd results that the Legislature could not have
possibly intended. (1) When two statutes appear to conflict, some additional considerations come into play. 
"If a general provision conflicts with a special or local provision, the provisions shall be construed, if
possible, so that effect is given to both." (2) Where the conflict between the provisions is "irreconcilable, the
special or local provision prevails as an exception to the general provision, unless the general provision is
the later enactment and the manifest intent is that the general provision prevail." (3) With these rules of
construction in mind, I turn to the problem before us. 

 To determine the last day of appellant's probation, we must initially determine the first day. The
statute that authorizes probation says that the trial judge will "suspend the imposition of the sentence and
place the defendant on community supervision." (4) So, the suspension of sentence and the placing of the
defendant on probation occur at the same time. Also, by statute, "[t]he defendant's sentence begins to run
on the day it is pronounced," which includes delivering the defendant to jail or prison that day. (5) It is logical
to conclude from these statutes that the defendant's probation begins to run on the date that the sentence,
if not suspended, would have begun to run. Indeed, the probation statute employs some language tying the
range of a probationary period to the range of time prescribed for a sentence. For felonies, "the minimum
period of community supervision is the same as the minimum term of imprisonment applicable to the
offense." (6) The maximum period of probation is ten years, which also happens to be the maximum term of
imprisonment to which a defendant can be sentenced and still be eligible for probation. (7) So, the defendant
serves the first day of his probation on the date the sentence is suspended.

 The defendant's probation in this case was ten years. If the first day appellant served his probation
was the date the sentence was suspended, then the last day would logically be the day before the ten-year
anniversary date. If it were otherwise, the probation would last over ten years, which is not only longer
than appellant's judgment provided for, but longer than is permissible by statute for a term of probation. 

 The State relies upon Government Code §311.014 to support its contention that the last day of
appellant's probation was the anniversary date. That statute provides:

(a) In computing a period of days, the first day is excluded and the last day is included.


(b) If the last day of any period is a Saturday, Sunday, or legal holiday, the period is
extended to include the next day that is not a Saturday, Sunday, or legal holiday.


(c) If a number of months is to be computed by counting the months from a particular day,
the period ends on the same numerical day in the concluding month as the day of the month
from which the computation is begun, unless there are not that many days in the concluding
month, in which case the period ends on the last day of that month. (8)


A "year" is defined elsewhere as "12 consecutive months." (9) But this computation scheme excludes the first
day, rendering it inconsistent with the criminal procedure provisions that include the first day. Subsection
(a), relating to days, is explicit in that regard. Subsection (c), relating to months, is not as explicit, but the
judicial background of the computation rule and subsequent judicial construction indicates that such is the
case.

 Before this computation scheme was enshrined in statute, it was applied in Pitcock v. Johns. (10) 
In that case, the question was whether an account had been filed in a timely fashion so as to cause the
attachment of a lien. (11) Statute required that the account be filed within six months after the indebtedness
accrues. (12) The indebtedness accrued on February 28, 1957, the last day services were rendered, and the
account was filed on August 29, 1957. (13) The party claiming a lien alleged that the time period should be
computed as follows: (1) exclude the date of accrual, the "first" day of the time period, February 28, 1957,
(2) start counting from the next day, March 1, 1957, (3) compute six months by running the time period
from the date on which counting starts to the corresponding date of the month in the sixth calendar month,
resulting in the last day being September 1, 1957. (14) The court of civil appeals rejected this argument. (15) 
The court acknowledged as the "established rule in this state" that, "when time is to be computed from or
after a certain day or date, the designated day is to be excluded and the last day of the period is to be
included." (16) The court also acknowledged that, in reckoning months, one looked at the calendar from the
date of accrual to the date with the corresponding number in the succeeding month. (17) The court declined
to combine these rules to create the extra days appellant sought; rather, the time period ran from February
28 to August 28. (18)

 The implication in Pitcock is that the "month" rule already incorporates the rule that "the first day
is excluded." Several court of appeals decisions that have addressed the issue in the civil context have so
held. (19) In two of these cases, courts of appeals rejected an attempt to combine the "exclude the first day"
requirement in Rule 4 of the Texas Rules of Civil Procedure (20) with the monthly computation rule in
§311.014(c) to extend a statute of limitations by an extra day. (21) In the two other cases, the Dallas Court
of Appeals held that, contrary to the ordinary operation of the "calendar month" rule, when the
circumstances require that the first day be included, the last day is the day before the same numerical day
in the concluding month. (22) 

 Because the "month" rule for computing time necessarily presupposes the exclusion of the first day,
it irreconcilably conflicts with the probation statute's requirement that the first day be included. As the local
or special provision, the probation statute prevails over the general computation-of-time statute found in
the Government Code unless the Government Code provision was enacted later in time and the manifest
intent is that the Government Code provision prevail. Even if we assume that the provision now codified
at §311.014(c) was enacted later in time, (23) it cannot be said that the manifest intent of the Legislature was
that this generic computation of time provision prevail over the more specific provisions found in the Code
of Criminal Procedure. 

 With these comments, I concur in the Court's judgment.

Filed: June 13, 2007


Publish 

1. Boykin v. State, 818 S.W.2d 782, 785 (Tex. Crim. App. 1991).
2. Tex. Gov't Code §311.026(a).
3. §311.026(b).
4. Tex. Code Crim. Proc., Art. 42.12, §§3(a), 4(a)(emphasis added). "Community
supervision" is the current statutory term for probation.
5. Tex. Code Crim. Proc., Art. 42.09, §1.
6. Art. 42.12, §3(b)(emphasis added), see also §4(b).
7. Art. 42.12, §§3(b), (e)(1), 4(b), (d)(1).
8. Tex. Gov't Code §311.014.
9. Tex. Gov't Code §311.005(12).
10. 326 S.W.2d 563 (Tex. Civ. App.-Austin 1959, writ ref'd). A "refused" notation by the
Texas Supreme Court means that that court has adopted the intermediate appellate court opinion as its
own. 
11. Id. at 564.
12. Id. at 564-565.
13. Id. at 565.
14. Id.
15. Id. at 565-567.
16. Id. at 565.
17. Id. at 565-566.
18. Id. at 565-567.
19. Salahat v. Kincaid, 195 S.W.3d 342, 345 (Tex. App.-Fort Worth 2006, no writ) (relying
upon Pitcock and citing an unpublished opinion as "explaining that the method of computing a number
of months from a particular day as set forth in §311.014(c) already incorporates rule 4's requirement
that the first day of a period is not counted but the last one is"); Fisher v. Westmont Hospitality, 935
S.W.2d 222, 224-226 (Tex. App.-Houston [14th Dist.] 1996, no writ)(relying upon Pitcock to reject
an attempt to afford an extra day by combining Rule 4 with the "calendar month" rule); Kyle v.
McGaughy, 599 S.W.2d 113, 114-115 (Tex. Civ. App.-Dallas 1980, writ ref'd, n.r.e.)(the "same
numerical day rule" for counting months "rests on another rule, that when time is to be computed from
or after a designated day, the designated day will be excluded while the last day of the period is to be
included"); Moore v. Industrial Life Ins. Co., 549 S.W.2d 47, 48 (Tex. Civ. App.-Dallas 1977 writ
ref'd, n.r.e.)("the inclusion of the day of the corresponding number in the final month is predicated on
the exclusion of the day of that number in the initial month"). 
20. "In computing any period of time prescribed or allowed by these rules, by order of court, or
by any applicable statute, the day of the act, event, or default after which the designated period of
time begins to run is not to be included." Tex. R. Civ. P. 4 (emphasis added).
21. Salahat and Fisher, supra; but see Hughes v. Autry, 874 S.W.2d 887, 890 (Tex.
App.-Austin 1994, no writ)(combining Rule 4 with the "calendar month" rule to afford an extra day,
causing a three month statute of limitations to run from November 13, 1990 to February 14, 1991);
then see Salahat, 195 S.W.2d at 344 (criticizing Hughes as an "anomaly") and Fisher, 935 S.W.2d
at 224, 226 (criticizing the holding in Hughes as "contrary to the rule adopted by the Supreme Court"
and "contrary to the majority position of the intermediate appellate courts"). 
22. Moore, 549 S.W.2d at 48 (although the general rule is that a calendar month runs from a
given day in one month to the corresponding number in the concluding month, where two-month
insurance policy became effective on July 2, the last day of the policy was September 1); McGaughy,
599 S.W.2d at 114-115 (despite language of predecessor to §311.014(c), three-month probationary
period for police officer appointed by city council that began on May 2 ended on August 1). 
23. The probation statute was enacted in 1965, although the pertinent sections have been
amended on several subsequent occasions. As Pitcock illustrates, the monthly computation rule was
part of the common law before that time, but it was first codified in 1967 in Tex. Rev. Civ. St. 5429b-2 §2,04(c).